Richard O. Evanns SBN 277442
Evanns Collection Law Firm
3731 Wilshire Blvd., Suite 514
Los Angeles, CA 90010
(213) 292-6888
enforcements@rocketmail.com

Attorney for Judgment Creditor,
James E. Shelton

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SHELTON | CASE NO. 2:23-mc-00109 |
| Plaintiff, | **DECLARATION OF RICHARD O. EVANNS IN SUPPORT OF MOTION FOR ASSIGNMENT ORDER OF LAWSUIT SETTLEMENT PROCEEDS** |
| v. | |
| EVE ARON | **(C.C.P. § 710.510, et. seq.)** |
| Defendant | **Date: October 20, 2023**<br>**Time: 1:30 PM**<br>**Honorable Philip S. Gutierrez** |

1.      My name is Richard O. Evanns and I represent the Assignee of Record and Judgment Creditor in this matter, Mr. James E. Shelton. My business address is 3731 Wilshire Blvd, Suite 514, Los Angeles, CA 90010. I am over the age of 18, and have personal knowledge of the facts stated herein, and if called to testify in accordance therewith, I could and would competently and truthfully do so.

2.      On December 28, 2022, Judgment was entered in favor of Plaintiff/Original Judgment Creditor Christopher Samuel ("Samuel") and against Defendant/Judgment Debtor Eve

Aron in the amount of $48,972.33 (the "Judgment") in the United States District Court for the Eastern District of New York, Case No. 1:19-cv-05229-MKB-TAM (the "New York Action"). Attached as ***Exhibit "1"*** is a true and correct certified copy of the judgment.

3.      On August 22, 2023, an Acknowledgement of Assignment of Judgment was filed in the New York Action, in which Samuel irrevocably transferred and assigned all rights, title, and interest in the Judgment, together with interest and costs, to the Assignee of Record, James E. Shelton. *See* Doc. No. 1, Page ID#:3-5, a true and correct copy of the *Acknowledgment of Assignment of Judgment* filed on August 22, 2023 (attached as ***Exhibit "2"*** to this Motion).

4.      Since entry of the Judgment, **$1,581.28** in interest has accrued on the judgment. The total amount outstanding on the judgment as of the date of this declaration is **$50,553.61**. No funds have been paid to either Samuel or to the current Assignee of Record, Mr. Shelton, towards satisfaction of the judgment.

**<u>The Judgment Debtor is Also Known as "Eve Ohayon"</u>**

5.      Judgment Creditor has substantial evidence that Debtor Eve Aron is also known as "Eve Ohayon" which is her married name upon information and belief.

6.      Judgment Debtor is the named plaintiff in a separate civil action filed in the Los Angeles County Superior Court, captioned *Eve Ohayon v. Ryan Johnson and Sarah Rachel Johnson*, Case No. 21STCV30484 ("the Superior Court Action"). Attached as ***Exhibit "3"*** is a true and correct copy of the Complaint filed in the Superior Court Action on August 17, 2021.

7.      In the Superior Court Action, Eve Ohayon (formerly known as Eve Aron), the same person that is the Judgment Debtor in this action, sued for damages arising from a dog bite she allegedly received.

8.      The Defendants in the Superior Court Action, Ryan Johnson and Sarah Rachel Johnson, are represented by Barbara J. Mandell, Esq. of Colman Perkins Law Group.

9.      In the Superior Court Action, Ms. Ohayon is represented by Anna Okhovat, Esq. of the Okhovat Law Firm.

10.     On August 4, 2023, Ms. Okhovat filed a Notice of Settlement of Entire Case in the Superior Court Action, stating that the entire case has been unconditionally settled and a request for dismissal will be filed within 45 days after the date of the settlement. *See **Exhibit "4"**, a true and correct copy of the Notice of Settlement filed August 4, 2023 in the Superior Court Action.

11.     On August 25, 2023, Mr. Shelton filed a Notice of Lien in the Superior Court Action. Attached as ***Exhibit "5"*** is a true and correct copy of the Notice of Lien. Mr. Shelton filed a Proof of Service by Mail of the Notice of Lien on August 28, 2023 reflecting service on the Judgment Debtor and all parties' counsel in the Superior Court Action.

12.     In response to the Notice of Lien, on or about Wednesday, August 30, 2023, Ms. Ohayon's counsel asserted that the Notice of Lien should not attach to the Settlement Proceeds, in an attempt to avoid collection of the judgment against the Debtor.

13.     However, the Debtor's counsel did not claim "Eve Ohayon is not the same person as Eve Aron" or any variation of that claim. This is certainly because her counsel knows they are one and the same person.

14.     In response to the Notice of Lien, Ms. Mandell did not raise any claims as to issues with the Judgment Debtor's identity. She never asserted that Eve Aron isn't the same person as Eve Ohayon.

15.     Additionally, the e-mail address for Judgment Debtor is evearon1@gmail.com. When undersigned counsel contacted the Debtor to attempt to meet and confer regarding this motion via e-mail, Eve Ohayon's attorney, Ms. Ohkovat, responded to the e-mail (copying evearon1@gmail.com) stating that she would respond to the substance of Creditor's counsel's email, but she notably again did not claim Ms. Eve Ohayon is not the same person as Eve Aron.

16.     If that was not enough evidence, in an abundance of caution, Creditor has located several public records indicating Eve Ohayon is the same person as Eve Aron.

17.     Creditor conducted a search for unrelated lawsuits pertaining to the Judgment Debtor. One such lawsuit was filed in the Los Angeles County Superior Court and is captioned *Roie Maor v. Eve M. Aron and Zion Horse Enterprises LLC, a California limited liability company*, Case No. 22STCV38516 (hereinafter "the Maor Action". This case was filed December 9, 2022, and involves claims for breach of contract, open book account, account stated, money had and received, breach of fiduciary duty, fraud, constructive trust, accounting, and recovery of dishonored checks [Pursuant to CC § 1919). See ***Exhibit "6",*** a true and correct copy of the Complaint in Case No. 22STCV38516.

18.     On February 1, 2023, the plaintiff, Roie Maor, filed an Amendment to Complaint (Fictitious/Incorrect Name) stating that plaintiff has discovered that the true name of the Defendant to be "Eve Ohayon".  See ***Exhibit "7"***, a true and correct copy of the Amendment to Complaint reflecting the amendment to Defendant's name.

19.     After this, on February 3, 2023, Defendant Eve Aron filed an Answer to the Plaintiff's Complaint. It is noteworthy that in her Answer, Defendant did not assert that Eve Ohayon was not her alias. See ***Exhibit "8"***, a true and correct copy of the Answer.

20.     The undersigned has also researched Zion Horse Enterprises LLC on the California Secretary of State's records, which was named as a Defendant in the *Maor* Action (Case No. 22STCV38516).

21.     "Eve Ohayon" was the Organizer of "Zion Horse Enterprises LLC", Entity Number: 202119010592 with the California Secretary of State, which is reflected by an LLC Registration – Articles of Organization filed July 7, 2021. *See **Exhibit "9",*** a true and correct copy of the LLC Registration – Articles of Organization for Zion Horse Enterprises LLC.

22.     The address listed for the business on the Articles of Organization was 6701 Eton Ave #546, Canoga Park, California, 91303. *Id.*

---

4

DECLARATION OF RICHARD O. EVANNS IN SUPPORT OF MOTION FOR ASSIGNMENT ORDER
SHELTON V. ARON, CASE NO. 2:23-MC-00109

23.     Then on July 13, 2021, just six (6) days later, a Statement of Information was filed for Zion Horse Enterprises LLC in which Eve M. Aron was listed as the Manager or Member, with the same exact address, 6701 Eton Ave # 546, Canoga Park, CA 91303. See ***Exhibit "10",*** a true and correct copy of the Statement of Information filed July 13, 2021.

24.     There are no other individuals with the name "Eve" listed on the corporate filings for Zion Horse Enterprises LLC. Clearly, this is the same individual, who uses her married name "Eve Ohayon" and her maiden name "Eve Aron" interchangeably.

### **Creditor Learns that a Monetary Settlement is Imminently Payable to Debtor and the Settlement Proceeds are Being Held by Barbara J. Mandell, Esquire**

25.     After Creditor's counsel spoke on the phone with Ms. Mandell on September 1, 2023, Ms. Mandell admitted that on or about August 25, 2023, Ms. Mandell received the Settlement Proceeds in her possession, which are now due and payable to Judgment Debtor under a settlement agreement in the Superior Court Action.

26.     Ms. Mandell has agreed not to release the Settlement Proceeds pending further order of this Court, after she was advised that the Creditor intended to an Assignment Order from this Court. Ms. Mandell is expected to honor any ruling this Court issues.

27.     We do not know the exact amount of the Settlement Proceeds. However, it is respectfully asserted that the Settlement Proceeds are of a significant amount and will hopefully be sufficient to satisfy the judgment, either in whole or in substantial part.

28.     A diligent search of public records reveals no prior assignment orders issued against Debtor.

### **LOCAL RULE 7-3 CONFERRAL STATEMENT**

29.     This motion is made following counsel's good-faith attempts to meet and confer with Judgment Debtor. On September 1, 2023 at 2:46 PM, undersigned counsel contacted the Judgment Debtor, Eve Aron, a/k/a Eve Ohayon, who has not appeared in this action via counsel (email: evearon1@gmail.com). The e-mail to Judgment Debtor was not returned as

---

5

DECLARATION OF RICHARD O. EVANNS IN SUPPORT OF MOTION FOR ASSIGNMENT ORDER
SHELTON V. ARON, CASE NO. 2:23-MC-00109

undeliverable. Also, on September 1, 2023, undersigned counsel called the Judgment Debtor on her cell phone at 617-835-1084. The Judgment Debtor did not answer the call and her voicemail box was full, thus counsel was not able to leave a voicemail. The Judgment Debtor did not respond to counsel's email requesting to meet and confer. Also on September 1, 2023, undersigned counsel emailed and called counsel representing Judgment Debtor in a separate matter, Case No. 21STCV30484 in the Los Angeles County Superior Court, Anna Okhovat, Esq., of the law firm Ohkovat Law Firm, APLC. Counsel was not available to speak via phone. Ms. Ohkhovat responded via email that she would respond to the substance of undersigned counsel's email, however, she failed to do so. Neither the Debtor nor Debtor's attorney in the Superior Court action have indicated that Debtor will agree to satisfy the judgment or otherwise consent to the relief requested in this Motion. Counsel conferred via telephone with Barbara J. Mandell, Esq. on September 1, 2023 regarding the contemplated Motion for Assignment Order. Ms. Mandell stated that she has no interest in the outcome of this motion, other than to "address how these proceeds are to be distributed".

30.     Attached as ***Exhibit "11"*** is a true and correct copy of an e-mail I sent to Ms. Ohkovat on September 1, 2023 attempting to meet and confer.

31.     Attached as ***Exhibit "12"*** is a true and correct copy of an e-mail I sent to Judgment Debtor at her email address, evearon1@gmail.com, in an attempt to meet and confer on September 1, 2023, regarding this matter.

32.     Attached as ***Exhibit "13"*** is an e-mail dated August 29, 2023 from Barbara J. Mandell which my client forwarded to me, which was sent in response to the Notice of Lien filed by Mr. Shelton in the Superior Court Action. The e-mail states in pertinent part: "*I can assure you that the I can assure you that the settlement funds will not be released until we resolve this issue, and I would ask for your patience as I fully evaluate the situation before determining exactly how we will proceed.*"

33.    Attached as ***Exhibit "14"*** is an e-mail dated September 1, 2023 from Anna Okhovat, Esq. confirming that she received undersigned counsel's email on September 1, 2023 in an attempt to meet and confer, wherein she stated she was unavailable to meet and confer and would respond to the substance of undersigned counsel's email shortly. Ms. Okhovat failed to communicate with the undersigned in the week following, did not return Mr. Evanns' phone call, and did not reply to the substance of Creditor's counsel's email[1].

34.    Creditor now files the instant Motion for Assignment Order.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  This Declaration is executed on September 8, 2023.

*/s/ Richard O. Evanns*
Richard O. Evanns

---

[1] Ms. Okhovat also referred to Creditor's counsel as "out of [his] mind for… contacting a known represented party." Although Ms. Okhovat represents Ms. Ohayon in Case No. 21STCV30484, this is a separate action to recover a money judgment in federal district court. No attorney has entered an appearance in this federal court action on behalf of Judgment Debtor. Creditor's counsel is still required to serve documents directly to the Debtor pursuant to C.C.P. §684.020(a)(requiring all writs, notices, orders, or other papers to be served on the judgment debtor instead of the attorney for the judgment debtor, absent compliance with subdivision (b). Out of an abundance of caution, Mr. Evanns copied Ms. Okhovat to his email with the Debtor as a courtesy.

DECLARATION OF RICHARD O. EVANNS IN SUPPORT OF MOTION FOR ASSIGNMENT ORDER
SHELTON V. ARON, CASE NO. 2:23-MC-00109

# EXHIBIT 1

AO 451 (Rev. 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| CHRISTOPHER SAMUEL | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:19-cv-05229-MKB-TAM |
| EVE ARON | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*    12/28/2022

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:  AUG 2 2 2023

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHRISTOPHER SAMUEL,

Plaintiff,                         JUDGMENT

v.
                                               19-CV-5229 (MKB) (TAM)

EVE ARON,

Defendant.
-----------------------------------------------------------------X

A Memorandum and Order of Honorable Margo K. Brodie, United States District Judge,

having been filed on December 22, 2022, adopting the Report and Recommendation of

Magistrate Judge Taryn A. Merkl, dated September 14, 2022, granting Plaintiff's motion to

enforce the settlement and enter judgment in favor of Plaintiff consisting of (1) a judgment of

$45,000; (2) pre-judgment interest at nine percent per annum pursuant to New York Civil

Practice Law and Rules §§ 5001(a)–(b) and 5004, to be calculated from January 4, 2022, through

the date of judgment; and (3) post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a),

to be calculated from the date judgment is entered until the date of payment; and the Clerk of

Court having calculated the prejudgment interest at the rate set forth above and the interest being

$$3,972.33; it is

ORDERED and ADJUDGED that Plaintiff's motion to enforce the settlement and enter

judgment in favor of Plaintiff is granted; and that judgment is hereby entered in favor of Plaintiff

in the total amount of $48,972.33 plus post-judgment interest at the rate set forth in 28 U.S.C. §

1961(a), to be calculated from the date judgment is entered until the date of payment.

Dated: Brooklyn, New York                       Brenna B. Mahoney
December 28, 2022                                Clerk of Court

By:    /s/Jalitza Poveda
       Deputy Clerk

# **EXHIBIT 2**

Case 2:23-cv-07728-PSG-PD  Document 2-1  Filed 09/08/23  Page 12 of 104  Page ID #:29
Case 2:23-mc-00109  Document 1  Filed 08/22/23  Page 3 of 5  Page ID #:3
Case 1:19-cv-05229-MKB-TAM  Document 51  Filed 08/22/23  Page 1 of 3 PageID #: 351

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

CHRISTOPHER SAMUEL,

                                    Plaintiff,

                                                          **ACKNOWLEDGEMENT OF**
                                                          **ASSIGNMENT OF JUDGMENT**

                    v.

EVE ARON,                                                 No. 19-CV-5229 (MKB) (TAM)

                                    Defendant.

-----------------------------------------------------------------X

## ACKNOWLEDGEMENT OF ASSIGNMENT OF JUDGMENT:

COMES NOW **CHRISTOPHER SAMUEL,** Plaintiff and Creditor in this matter, and

hereby provides the following in support of an ASSIGNMENT OF JUDGMENT:

1) THAT the judgment was entered in this Court on December 28, 2022.

2) THAT Plaintiff was awarded the total amount of $48,972.33 against Defendant

    EVE ARON.

3) THAT there have been no renewals since the entry of said judgment and that

    Plaintiff has received $0.00 of judgment from judgment debtor.

4) CHRISTOPHER SAMUEL, whose address is 282 East 35th Street Apt 4H,

    Brooklyn, NY 11203, is the judgment creditor of record.

5) THAT the last address of record for EVE ARON, judgment debtor, is 5416 Medina

    Rd, Woodland Hills, CA 91364.

6) THAT I, CHRISTOPHER SAMUEL, judgment creditor, hereby irrevocably

    transfer, and assign all title, rights, and interest in the judgment to the following

    person:

1

Case 2:23-cv-07728-PSG-PD Document 2-1 Filed 09/08/23 Page 13 of 104 Page ID #:30
Case 2:23-mc-00109 Document 1 Filed 08/22/23 Page 4 of 5 Page ID #:4
Case 1:19-cv-05229-MKB-TAM Document 51 Filed 08/22/23 Page 2 of 3 PageID #: 352

JAMES E. SHELTON
316 Covered Bridge Road
King of Prussia, PA 19406

7) THAT Assignor acknowledges that this is an absolute assignment without recourse

and that the rights represented by this judgment that are assigned to the assignee, James E.

Shelton are all of the assignor's rights, title and interest in the judgment awarded in the above-

entitled action. This is an absolute assignment for the full amount of the judgment with

allowed costs and accrued interest thereon at the legal rate from and after the date of entry of

this judgment.

8) THAT I hereby irrevocably assign to and authorize Assignee, JAMES E.

SHELTON, to recover, compromise, settle and enforce said judgment at his discretion.

9) James E. Shelton, 316 Covered Bridge Road, King of Prussia, PA 19406, is now the

holder and owner of the Judgment.

Signed this 22nd day of August, 2023.

CHRISTOPHER SAMUEL
Original Judgment Creditor

SEE NOTARIZATION ATTACHED

2

Case 2:23-cv-07728-PSG-PD   Document 2-1   Filed 09/08/23   Page 14 of 104   Page ID #:31

Case 2:23-mc-00109   Document 1   Filed 08/22/23   Page 5 of 5   Page ID #:5
Case 1:19-cv-05229-MKB-TAM   Document 51   Filed 08/22/23   Page 3 of 3 PageID #: 353

## Notary Acknowledgement Form

State of: _New York_ )

)ss.:

County of: _Kings_ )

On the __22nd__ day of __August__ in the year ___2023___ before me, the undersigned notary public, personally appeared ____Christopher Samuel____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public:

VICTORIA EVANDRA COKER
Notary Public - State of New York
NO. 01CO6179863
Qualified in Kings County
My Commission Expires 12/31/2023

3

# **<u>EXHIBIT 3</u>**

Electronically FILED by Superior Court of California, County of Los Angeles on 08/17/2021 06:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

Case 2:23-cv-07728-PSG-PD   Document 2-1   Filed 09/08/23   Page 16 of 104   Page ID #:33

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Crowfoot

Michelle Nabati (SBN 327584)
Nabati Law, PC
16255 Ventura Blvd., Suite 520
Encino, CA 91436
P: (323) 306-5747
F: (323) 300-6749
michelle@nabatilaw.com

Attorney for Plaintiff, Eve Ohayon

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| EVE OHAYON, an individual<br><br>               Plaintiff,<br><br>vs.<br><br>RYAN JOHNSON, an individual; SARAH RACHEL JOHNSON, an individual; and DOES 1 to 25, inclusive<br><br>           Defendants. | Case No: 21STCV30484<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **STRICT LIABILITY (FOR VIOLATION OF CIVIL CODE § 3342);**<br>2. **STRICT LIABILITY (INJURY CAUSED BY DOMESTIC ANIMAL WITH DANGEROUS PROPENSITIES);**<br>3. **NEGLIGENCE;**<br>4. **NEGLIGENCE PER SE (FOR VIOLATION OF LOS ANGELES MUNICIPAL CODE §§ 53.06.2(a), 53.34, 53.32.1).**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, EVE OHAYON, for causes of actions against the Defendants, and each of them, and hereby complains and alleges, upon information and belief, as follows:

///

///

///

///

///

1

## JURISDICTION AND VENUE

1.     Jurisdiction and venue are proper in the Los Angeles County Superior Court, Central District because the damages sought in this action exceed the minimum jurisdiction and the incidents which are the subject matter of action occurred within this Court's jurisdiction, to wit: at or around 20726 Wells Dr., Woodland Hills, CA 91364.

## THE PARTIES

2.     PLAINTIFF EVE OHAYON is, and, at all times herein mentioned, has been, an individual residing in the County of Los Angeles, State of California.

3.     PLAINTIFF is informed, believes, and thereon alleges that Defendants RYAN JOHNSON, SARAH RACHEL JOHNSON and DOES 1 through 25, inclusive, were at all relevant times herein mentioned individuals residing in the County of Los Angeles, State of California.

4.     At all times mentioned herein, Defendants RYAN JOHNSON, SARAH RACHEL JOHNSON and DOES 1 through 25, inclusive, owned, controlled, maintained, kept, possessed, supervised, trained, monitored, cared for, and were in some manner responsible for two dogs on or around 20726 Wells Dr., Woodland Hills, CA 91364 on or around May 5, 2021, and the wrongful acts alleged throughout this Complaint.

5.     The true names and capacities of Defendants sued as DOES 1 through 25, inclusive, are presently unknown to PLAINTIFF, who therefore sues such Defendants by such fictitious names pursuant to Code of Civil Procedure § 474. PLAINTIFF will seek permission of this court to amend this Complaint to show such true names and capacities when they have been ascertained. Each reference in this complaint to "Defendant," "Defendants" or specifically named defendant shall include reference to all Defendants, including fictitiously named Defendants.

6.     PLAINTIFF is informed, believes, and thereon alleges that each such Defendant in this Complaint, including DOES 1 through 25, inclusive, is and was in some manner strictly liable, negligent, reckless, careless or unreasonable and/or proximately responsible for the events, happenings and wrongful acts, failures to act, representations and omissions alleged throughout this Complaint and/or committed such, and is and was in some way responsible and liable for the actions, inactions, representations, omissions, events or happenings alleged in this Complaint jointly and severally.

2

COMPLAINT

Consequently, each Defendant, including DOES 1 through 25, inclusive, is jointly and severally liable to Plaintiff for the damages sustained as a proximate result of their conduct.

7.     PLAINTIFF is informed and believes and thereupon alleges that each Defendant in this Complaint, including DOES 1 through 25, inclusive, acted in all respects pertinent to this action as the principals, officers, directors, employers, joint ventures, co-conspirators, alter egos, alternate entities, affiliated entity, successors in interest, predecessors in interest, parents, guardians, employees, contractors, servants, delegates, delegators and/or agents of each and every other Defendant and that each and every act, omission, failure to act and representation alleged or discovered to have been performed by any one Defendant was done with the authority, permission or knowledge of each of the other Defendants, or alternatively that each act, failure to act or omission alleged to be legally attributable to any Defendant herein was ratified by each of the remaining Defendants. All delegations, acts, failures to act, omissions of Defendants and each of them, were done within the course and scope of employment, agency, conspiracy, agreement or through some other type of relationship or theory, as between each defendant and every other defendant identified specifically or generally throughout this complaint. Based on such Defendants, and each of them, are directly, vicariously or under some other theory, liable for the acts, omissions, failures to act and representations of each and every other Defendant under respondent superior, agency, partnership, agreement or through, or under some other legal fact or theory. Each and every act, omission, failure to act and representation of each defendant was done for the benefit of and/or in furtherance of a relationship between any one defendant and each other defendant identified within the complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.     Defendants, RYAN JOHNSON, SARAH RACHEL JOHNSON, and DOES 1 through 25, inclusive, are sometimes referred to herein as "DEFENDANTS" and, when used, this reference is to each of said Defendants individually and to all of them collectively.

9.     PLAINTIFF EVEN OHAYON is informed, believes, and thereon alleges that at all times relevant hereto, the DEFENDANTS owned, controlled, maintained, kept, possessed, harbored, supervised, trained, monitored, cared for and were in some manner responsible for two dogs (collectively, the "JOHNSON DOGS"), that viciously attacked and bit PLAINTIFF EVE OHAYON and PLAINTIFF's eight-month old puppy Kai on or around May 5, 2021, at or around Serrania Park, a

public park, located at 20726 Wells Dr., Woodland Hills, CA 91364 (hereinafter, the "PUBLIC PARK").

10.     PLAINTIFF EVEN OHAYON is informed, believes, and thereon alleges that, at all times relevant hereto, the DEFENDANTS knew, or had reason to know, of the JOHNSON DOGS' vicious propensities, unusually dangerous natures, and/or tendencies prior to and on May 5, 2021.

11.     On or about May 5, 2021, while PLAINTIFF EVE OHAYON was lawfully at or around the PUBLIC PARK with her eight (8) month old puppy, Kai (hereinafter, "KAI"), the unleashed and/or unsupervised JOHNSON DOGS, without notice or provocation, suddenly and viciously attacked and bit PLAINTIFF EVE OHAYON and her leashed puppy, KAI, causing them severe bodily injuries and resulting damages.

## FIRST CAUSE OF ACTION

### (For Strict Liability Under Civil Code Section 3342(a) by PLAINTIFF against All DEFENDANTS)

12.     PLAINTIFF EVE OHAYON repeats, realleges and incorporates by reference the allegations and statements above as if fully set forth herein.

13.     PLAINTIFF is informed and believes and, on that basis, alleges that, at all times herein mentioned, the DEFENDANTS owned, controlled, maintained, kept, possessed, harbored, supervised, trained, monitored, cared for and were in some manner responsible for the JOHNSON DOGS that are the subject of this Complaint and caused injuries to both PLANTIFF EVE OHAYON and KAI on or around May 5, 2021.

14.     On or around May 5, 2021, the JOHNSON DOGS, without provocation, viciously attacked and bit PLAINTIFF EVE OHAYON and her leashed eight-month-old puppy KAI while they were lawfully at or near the PUBLIC PARK, causing PLAINTIFF EVE OHAYON and KAI serious bodily injuries and resulting damages.

15.     Pursuant to Section 3342(a) of the California Civil Code the DEFENDANTS are strictly liable for damages caused by the dog bites upon PLAINTIFF.

16.     On or around May 5, 2021, the JOHNSON DOGS were a substantial factor in causing PLAINTIFF EVE OHAYON and KAI harm.

17.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF and KAI have been injured in their health, strength and activity, all of which have caused, and continue to cause PLAINTIFF great mental and physical pain and suffering. PLAINTIFF is informed and believes and thereon alleges that said injuries will result in some permanent disability and scarring to PLAINTIFF all to her general and special damages in a sum within jurisdiction of this Court according to proof at time of trial.

18.     As a further actual and legal result of DEFENDANTS' conduct, PLAINTIFF, was, and will continue to be in the future, injured in that PLAINTIFF has suffered loss of earnings and earning capacity, according to proof at trial. PLAINTIFF's total loss of earnings is not yet ascertained. PLAINTIFF will seek to amend this complaint at such time as the amount is ascertained. As a further actual and legal result of DEFENDANTS' negligence, PLAINTIFF'S present and future earning capacity has been impaired in an amount according to proof at time of trial.

19.     As a result of the actions of which DEFENDANTS are liable for, PLAINTIFF is entitled to recover her general, special, actual, and compensatory damages, including, but not limited to, necessary medical and related expenses, property damage, mental, emotional, and physical pain and suffering, and loss of earnings and earning capacity in amounts presently unknown but together exceeding the minimum jurisdictional limit of this Court and as proven at time of trial.

## SECOND CAUSE OF ACTION

**(For Strict Liability for Injury Caused by Domestic Animal with Dangerous Propensities by PLAINTIFF against All DEFENDANTS)**

20.     PLAINTIFF EVE OHAYON repeats, realleges and incorporates by reference the allegations and statements above as if fully set forth herein.

21.     PLAINTIFF is informed and believes and, on that basis, alleges that, at all times herein mentioned, the DEFENDANTS owned, controlled, maintained, kept, possessed, harbored, supervised, trained, monitored, cared for and were in some manner responsible for the JOHNSON DOGS that are the subject of this Complaint and caused injuries to both PLANTIFF EVE OHAYON and KAI on or around May 5, 2021.

22.     Prior to, and on, May 5, 2021, the JOHNSON DOGS had vicious, unusually dangerous natures, and/or tendencies, and the DEFENDANTS knew or should have known of each of the JOHNSON DOGS' unusually vicious and/or dangerous propensities, unusually dangerous natures, and/or tendencies.

23.     On or around May 5, 2021, PLAINTIFF EVE OHAYON and KAI were lawfully at or near the PUBLIC PARK when the JOHNSON DOGS, without notice or provocation, viciously attacked and bit PLAINTIFF EVE OHAYON and eight-month-old KAI, causing PLAINTIFF EVE OHAYON and KAI serious bodily injuries and resulting damages.

24.     On or around May 5, 2021, the DEFENDANTS permitted the JOHNSON DOGS, to be unrestrained and/or unleashed at or near the PUBLIC PARK, thereby allowing the JOHNSON DOGS to be in PLAINTIFF EVE OHAYON and KAI's presence. At this time and place, the JOHNSON DOGS, without notice or provocation, viciously attacked and bit PLAINTIFF EVE OHAYON and KAI, causing PLAINTIFF EVE OHAYON and KAI serious bodily injuries and resulting damages.

25.     The JOHNSON DOGS' unusually dangerous propensities, nature or tendencies were a substantial factor in causing PLAINTIFF EVE OHAYON and KAI's harm.

26.     As an actual and legal result of the DEFENDANTS' conduct, the JOHNSON DOGS attacked, bit, and injured PLAINTIFF EVE OHAYON and KAI.

27.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF has been injured in her health, strength and activity, all of which have caused, and continue to cause PLAINTIFF great mental and physical pain and suffering. PLAINTIFF is informed and believes and thereon alleges that said injuries will result in some permanent disability and scarring to PLAINTIFF, all to her general and special damages in sum within jurisdiction of this Court according to proof at time of trial.

28.     As a further actual and legal result of DEFENDANTS' conduct, PLAINTIFF, was, and will continue to be in the future, injured in that she has suffered loss of earnings and earning capacity, according to proof at trial. PLAINTIFF's total loss of earnings is not yet ascertained. PLAINTIFF will seek to amend this complaint at such time as the amount is ascertained. As a further actual and legal result of DEFENDANTS' negligence, PLAINTIFF's present and future earning capacity has been impaired in an amount according to proof at time of trial.

29.     As a result of the actions of which DEFENDANTS are liable for, PLAINTIFF is entitled to recover her general, special, actual, and compensatory damages, including, but not limited to, necessary medical and related expenses, property damage, mental, emotional, and physical pain and suffering, and loss of earnings and earning capacity in amounts presently unknown but together exceeding the minimum jurisdictional limit of this Court and as proven at time of trial.

### **THIRD CAUSE OF ACTION**

### **(For Negligence by PLAINTIFF against All DEFENDANTS)**

30.     PLAINTIFF EVE OHAYON repeats, realleges and incorporates by reference the allegations and statements above as if fully set forth herein.

31.     PLAINTIFF is informed and believes and, on that basis, alleges that, at all times herein mentioned, the DEFENDANTS owned, controlled, maintained, kept, possessed, harbored, supervised, trained, monitored, cared for and were in some manner responsible for the JOHNSON DOGS that are the subject of this Complaint and caused injuries to both PLANTIFF EVE OHAYON and KAI on or around May 5, 2021.

32.     On or around May 5, 2021, while PLAINTIFF EVE OHAYON was lawfully at, or near, the PUBLIC PARK, she and her leashed eight-month-old puppy KAI were attacked and bit by the unleashed and/or unrestrained JOHNSON DOGS.

33.     PLAINTIFF EVE OHAYON is informed and believes, and, on that basis, alleges that, prior to, and on, May 5, 2021, the JOHNSON DOGS had vicious, unusually dangerous natures, and/or tendencies, and DEFENDANTS knew or should have known of each of the JOHNSON DOGS' unusually vicious and/or dangerous propensities, unusually dangerous natures, and/or tendencies.

34.     PLAINTIFF EVE OHAYON is informed and believes, and, on that basis, alleges that prior to, and on, May 5, 2021, the JOHNSON DOGS were inadequately leashed, restrained, sheltered or guarded from coming in contact with people who may legally be at or near the PUBLIC PARK, including PLAINTIFF EVE OHAYON and KAI, and foreseeably endangering them.

35.     PLAINTIFF EVE OHAYON is informed and believes, and on that basis, alleges that prior to, and on May 5, 2021, DEFENDANTS knew or should have known that the JOHNSON DOGS were at or near the PUBLIC PARK without proper and adequate dog safety precaution measures,

7

unattended to, free to roam on, near, and off the PUBLIC PARK unleashed, unmuzzled, uncontrolled, inadequately restrained, sheltered, or guarded from coming in contact with the public, thereby foreseeably endangering nearby Plaintiffs, including PLAINTIFF EVE OHAYON, with an unknown risk of harm.

36.     On or around May 5, 2021, DEFENDANTS owed a duty of care to all foreseeable Plaintiffs, including PLAINTIFF EVE OHAYON, to exercise reasonable care in keeping and harboring the dangerous JOHNSON DOGS, to warn of the JOHNSON DOGS' unusually dangerous propensities, natures, and/or tendencies, and to properly comply with state, city, county, and other local statutes, ordinances, regulations, laws, customs, and practices concerning responsibilities and duties in connection with dog ownership, control, supervision, care and treatment and other duties to act so as to avoid the occurrence of vicious attacks and bites by the animals. At all times herein mentioned, DEFENDANTS were negligent, careless, reckless and unreasonable so as to avoid any unnecessary harm or injury to all foreseeable Plaintiffs, including PLAINTIFF EVE OHAYON, to exercise reasonable care and adequately, reasonably, safely, and properly own, control, maintain, keep, possess, supervise, train, sit, monitor, care for, and otherwise properly comply with state, city, county, and other local statutes, ordinances, regulations, laws, customs, and practices concerning responsibilities and duties in connection with dog ownership, control, supervision, care and treatment and other duties to act, so as to avoid any unnecessary harm or injury to all foreseeable Plaintiffs, including PLAINTIFF EVE OHAYON.

37.     On or around May 5, 2021, DEFENDANTS negligently, and carelessly failed to exercise the degree of vigilance and care that an ordinary prudent person would under similar circumstances.

38.     On or around May 5, 2021, the DEFENDANTS failed to warn PLAINTIFF EVE OHAYON of the JOHNSON DOGS' vicious propensities and therefore exposed PLAINTIFF EVE OHAYON and KAI to a risk unknown to PLAINTIFF.

39.     On or around May 5, 2021, the DEFENDANTS failed to take any reasonable measures to ensure that the JOHNSON DOGS and their vicious propensities, unusually dangerous natures and/or

COMPLAINT

tendencies were safely and properly secured so as to not be able to attack and cause harm to individuals legally on or around the PUBLIC PARK, including PLAINTIFF.

40.     On or around May 5, 2021, The DEFENDANTS carelessly and negligently permitted the JOHNSON DOGS to be unrestrained at the PUBLIC PARK and come in contact with PLAINTIFF and KAI and attack and bite PLAINTIFF and KAI, causing them severe bodily injuries.

41.     On or around May 5, 2021, the DEFENDANTS permitted the JOHNSON DOGS to run at large, unrestrained, uncontrolled, unsupervised, and without a substantial leash, upon the PUBLIC PARK, in violation of Los Angeles County Codes §§ 53.06.2(a) and 53.34.

42.     On or around May 5, 2021, the DEFENDANTS permitted the JOHNSON DOGS to unlawfully assault, threaten, or menace PLAINTIFF EVE OHAYON and KAI upon the PUBLIC PARK, in violation of Los Angeles County Code § 53.34.1.

43.     As an actual and legal result of the DEFENDANTS' negligent failures and conduct the JOHNSON DOGS, without notice or provocation, attacked, bit, and severely injured PLAINTIFF EVE OHAYON and KAI.

44.     DEFENDANTS negligence, carelessness, recklessness, acts, and omissions were a substantial factor or proximate cause of the JOHNSON DOGS attacking and causing injuries to both PLAINTIFF EVE OHAYON and KAI.

45.     As a direct and proximate result of DEFENDANTS' negligent failures and conduct, PLAINTIFF has sustained and will continue to sustain serious injuries and damages including, but not limited to personal injuries, injuries to her health, injuries to her strength and activity, anxiety, worry, mental anguish and severe emotional distress, and other incidental damages, such as medical expenses, in an amount not yet ascertained but within the jurisdiction of this Court. Such injuries have caused and continue to cause PLAINTIFF great mental and physical pain and suffering. PLAINTIFF is informed and believes and thereon alleges that said injuries will result in some permanent disability and scarring to PLAINTIFF, all to her general and special damages in sum within jurisdiction of this Court according to proof at the time of trial. PLAINTIFF will seek leave to amend this Complaint to allege the exact amount of their damages when the same has been finally ascertained.

46.     As a further actual and legal result of DEFENDANTS' conduct, PLAINTIFF, was, and will continue to be in the future, injured in that he has suffered loss of earnings and earning capacity, according to proof at trial. PLAINTIFF's total loss of earnings is not yet ascertained. PLAINTIFF will seek to amend this complaint at such time as the amount is ascertained. As a further actual and legal result of DEFENDANTS' negligence, PLAINTIFF's present and future earning capacity has been impaired in an amount according to proof at time of trial.

47.     As a result of the actions of which DEFENDANTS are liable for, PLAINTIFF is entitled to recover her general, special, actual, and compensatory damages, including, but not limited to, necessary medical and related expenses, property damage, mental, emotional, and physical pain and suffering, and loss of earnings and earning capacity in amounts presently unknown but together exceeding the minimum jurisdictional limit of this Court and as proven at time of trial.

**FOURTH CAUSE OF ACTION**

**(For Negligence Per Se for Violation of Los Angeles Municipal Code §§ 53.06.2(a) 53.34, and 53.34.1 by PLAINTIFF against All DEFENDANTS)**

48.     PLAINTIFF EVE OHAYON repeats, realleges and incorporates by reference the allegations and statements above as if fully set forth herein.

49.     PLAINTIFF is informed and believes and, on that basis, alleges that, at all times herein mentioned, the DEFENDANTS owned, controlled, maintained, kept, possessed, harbored, supervised, trained, monitored, cared for and were in some manner responsible for the JOHNSON DOGS that are the subject of this Complaint and caused injuries to both PLANTIFF EVE OHAYON and KAI on or around May 5, 2021.

50.     On or around May 5, 2021, the DEFENDANTS owed a duty to comply with applicable statutes, regulations, and rules related to Animal Care & Control in the State of California, County of Los Angeles.

51.     On or around May 5, 2021, the DEFENDANTS had by their relationship to the JOHNSON DOGS breached their duty by violating multiple municipal authorities including, but not limited to, Los Angeles County Code §§ 53.06.2(a), 53.34, and 53.34.1.

10

COMPLAINT

52.     On May 5, 2021, the DEFENDANTS were in violation of Los Angeles County Code § 53.06.2(a) in that the JOHNSON DOGS were unrestrained, uncontrolled, without requisite supervision, and without a substantial leash restricting their movement while at the PUBLIC PARK.

53.     On May 5, 2021, the DEFENDANTS were in violation of Los Angeles County Code § 53.34 for permitting the JOHNSON DOGS to run at large and uncontrolled upon public property, causing injury to PLAINTIFF EVE OHAYON and KAI.

54.     On May 5, 2021, the DEFENDANTS were in violation of Los Angeles County Code § 53.34.1 for permitting the JOHNSON DOGS to unlawfully assault, threaten or menace any human being, including PLAINTIFF EVE OHAYON, upon public property.

55.     PLAINTIFF EVE OHAYON was, at the times mentioned herein, within the class of persons whom the above-referenced statutes were meant to protect.

56.     The DEFENDANTS' failures to comply with the above-referenced statutes created the type of injury against which the law was designed to protect.

57.     The DEFENDANTS' failures to comply with the above-referenced statutes was the direct and proximate cause of PLAINTIFF's injuries and damages and thus constitutes negligence per se.

58.     As a direct and proximate cause of the DEFENDANTS' failures and conduct, the JOHNSON DOGS viciously attacked, bit, and injured PLAINTIFF and KAI without notice or provocation while PLAINTIFF and KAI were lawfully on or near the PUBLIC PARK, causing PLAINTIFF and KAI severe personal injuries and damages.

59.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF has been injured in her health, strength, and activity, all of which have caused, and continue to cause PLAINTIFF great mental and physical pain and suffering. PLAINTIFF is informed and believes and thereon alleges that said injuries will result in some permanent disability and scarring to PLAINTIFF, all to her general and special damages in sum within jurisdiction of this Court according to proof at time of trial.

60.     As a further actual and legal result of DEFENDANTS' conduct, PLAINTIFF, was, and will continue to be in the future, injured in that he has suffered loss of earnings and earning capacity,

according to proof at trial. PLAINTIFF's total loss of earnings is not yet ascertained. PLAINTIFF will seek to amend this complaint at such time as the amount is ascertained. As a further actual and legal result of DEFENDANTS' negligence, PLAINTIFF's present and future earning capacity has been impaired in an amount according to proof at time of trial.

61.     As a result of the actions of which DEFENDANTS are liable for, PLAINTIFF is entitled to recover her general, special, actual, and compensatory damages, including, but not limited to, necessary medical and related expenses, property damage, mental, emotional, and physical pain and suffering, and loss of earnings and earning capacity in amounts presently unknown but together exceeding the minimum jurisdictional limit of this Court and as proven at time of trial.

## **PRAYER**

**WHEREFORE, PLAINTIFF** prays for judgment against the DEFENDANTS, and each of them, as follows:

1. For general and non-economic damages according to proof;

2. For special and economic damages according to proof;

3. For actual and compensatory damages according to proof;

4. For the cost of medical care, incidental and future medical expenses according to proof;

5. For loss of wages and wage-earning capacity according to proof;

6. Personal injury and severe emotional distress;

7. For any such interest thereon according to law;

8. For prejudgment interests at the maximum legal rate to the extent authorized by law;

9. For the costs of suit incurred herein to the extent authorized by law; and,

10. For such other and further relief as may seem fair and just.


Date: August 17, 2021                    NABATI LAW, PC


                                         MICHELLE NABATI
                                         Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.


Date: August 17, 2021                    NABATI LAW, PC


                                         _____
                                         MICHELLE NABATI
                                         Attorneys for Plaintiff

13

COMPLAINT

# __EXHIBIT 4__

CM-200

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Anna Okhovat (SBN 287477)
Okhovat Law Firm
15165 Ventura Blvd., Suite 305
Sherman Oaks, CA 91403
  TELEPHONE NO.: (310) 579-9082      FAX NO. *(Optional):* (310) 579-9070
E-MAIL ADDRESS *(Optional):* anna@okhovatlawfirm.com
  ATTORNEY FOR *(Name):* Plaintiff, EVE OHAYON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los ANGELES
  STREET ADDRESS: 312 North Spring Street
  MAILING ADDRESS: 312 North Spring Street
  CITY AND ZIP CODE: Los Angeles 90012
  BRANCH NAME: Spring Street Courthouse

PLAINTIFF/PETITIONER: EVE OHAYON
DEFENDANT/RESPONDENT: RYAN JOHNSON, SARAH RACHEL JOHNSON, et al.

**NOTICE OF SETTLEMENT OF ENTIRE CASE**

*FOR COURT USE ONLY*

**FILED**
Superior Court of California
County of Los Angeles
08/04/2023
David W. Slayton, Executive Officer / Clerk of Court
By:     J. Williams     Deputy

CASE NUMBER:
21STCV30484

JUDGE: Hon. Lynne M. Hobbs
DEPT.: 30

**NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF**
You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is
**unconditional.** You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement
is **conditional.** Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has
expired why the case should not be dismissed, the court will dismiss the entire case.

**To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:**

1. This entire case has been settled. The settlement is:

   a. [ x ] **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
      Date of settlement:

   b. [   ] **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of
      specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will
      be filed no later than *(date):*

2. Date initial pleading filed: 8/17/2021

3. Next scheduled hearing or conference:

   a. Purpose: IDC

   b. [ x ] (1) Date: 8/18/2023

        (2) Time: 3:00 pm

        (3) Department: 30

4. Trial date:

   a. [   ] No trial date set.

   b. [ x ] (1) Date: 9/11/2023

        (2) Time: 8:30 am

        (3) Department: 30

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/4/2023

Anna Okhovat
(TYPE OR PRINT NAME OF [ x ] ATTORNEY [   ] PARTY WITHOUT ATTORNEY)

▶           (SIGNATURE)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [Rev. January 1, 2007]

**NOTICE OF SETTLEMENT OF ENTIRE CASE**

Cal. Rules of Court, rule 3.1385
*www.courts.ca.gov*

Electronically Received 08/04/2023 11:20 AM

**CM-200**

| PLAINTIFF/PETITIONER:  EVE OHAYON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  RYAN JOHNSON, SARAH RACHEL JOHNSON, et al. | 21STCV30484 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Settlement of Entire Case* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:                          c. Name of person served:

      Street address:                                     Street address:

      City:                                               City:

      State and zip code:                                 State and zip code:

   b. Name of person served:                          d. Name of person served:

      Street address:                                     Street address:

      City:                                               City:

      State and zip code:                                 State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____ :

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF DECLARANT)                      (SIGNATURE OF DECLARANT)

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 15165 Ventura Blvd., Suite 305, Sherman Oaks, CA 91403.

On **August 4, 2023**, I served true copies of the following document(s) described as **NOTICE OF SETTLEMENT OF ENTIRE CASE** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[] **BY MAIL** - I deposited such envelope in the mail at Sherman Oaks, CA. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U. S. postal service on that same day with postage thereon fully prepaid at Sherman Oaks, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] **BY PERSONAL SERVICE** - I caused such documents to be delivered by hand to the office of the addressee pursuant to CCP section 1011.

[] **VIA FACSIMILE TRANSMISSION** - I caused such documents to be transmitted to the above-named person via facsimile.  The facsimile transmission report indicated that the transmission was complete and without error.  A copy of that report, which was properly issued by the transmitting machine, is attached hereto.

[XX] **VIA ELECTRONIC TRANSMISSION** - Only by e-mailing the document(s) pursuant to **Code of Civil Procedure § 1010.6(a)(2)(A)(i), 1010.6(a)(2)(A)(ii), and/or necessity resulting from the Safer at Home order/regulation issued by the City and County of Los Angeles effective March 20, 2020** to the persons at the e-mail address(es) listed. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

[X] **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] **(Federal):** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **August 4, 2023**, at Los Angeles, California.

_____
Anna Okhovat

**PROOF OF SERVICE**
**NOTICE OF SETTLEMENT OF ENTIRE CASE**

## SERVICE LIST
### *Ohayon v. Johnson et al.*

Los Angeles Superior Court Case No. 21STCV30484

| | |
|---|---|
| Barbara J. Mandell<br>Matthew Balmuth<br>**COLMAN PERKINS LAW GROUP**<br>500 N. Brand Blvd, Suite 2200<br>Glendale, California 91203<br>Fax (818) 546-8787<br>Email: BMandell@colmanlawgroup.com;<br>MBalmuth@colmanlawgroup.com | Attorneys for Defendants, Ryan Johnson and Sarah Rachel Johnson |

**PROOF OF SERVICE**
**NOTICE OF SETTLEMENT OF ENTIRE CASE**

# **EXHIBIT 5**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>James E. Shelton, In Pro Per<br>316 Covered Bridge Road<br>King of Prussia, PA 19406<br>Email: Jamie@finalverdictsolutions.com | TELEPHONE NO.:<br>(484) 312-3300 | *FOR COURT USE ONLY* |
|---|---|---|
| ATTORNEY FOR LIEN CLAIMANT:  James E. Shelton, In Pro Per | | |

| NAME OF COURT:  Superior Court of California, County of Los Angeles |
|---|
| STREET ADDRESS:  312 North Spring Street |
| MAILING ADDRESS:  312 North Spring Street |
| CITY AND ZIP CODE:  Los Angeles, CA 90012 |
| BRANCH NAME:  Spring Street Courthouse |

| PLAINTIFF: EVE OHAYON<br>DEFENDANT: RYAN JOHNSON, & SARAH RACHEL JOHNSON | |
|---|---|
| **NOTICE OF LIEN**<br>(Attachment—Enforcement of Judgment) | CASE NUMBER:<br>21STCV30484 |

ALL PARTIES IN THIS ACTION ARE NOTIFIED THAT

1. A lien is created by this notice under
   a. ☐ Article 3 (commencing with section 491.410) of Chapter 11 of Title 6.5 of Part 2 of the Code of Civil Procedure.
   b. ☒ Article 5 (commencing with section 708.410) of Chapter 6 of Title 9 of Part 2 of the Code of Civil Procedure.
2. The lien is based on a
   a. ☐ right to attach order and an order permitting the creation of a lien (copies attached).
   b. ☒ money judgment.
3. The right to attach order or the money judgment is entered in the following action:
   a. Title of court *(specify):* United States District Court for the Central District of California
   b. Name of case *(specify):* James E. Shelton v. Eve Aron
   c. Number of case *(specify):* 2:23-mc-00109
   d. ☒ Date of entry of judgment *(specify):* 8/22/2023
   e. ☐ Dates of renewal of judgment *(specify):*

4. The name and address of the judgment creditor or person who obtained the right to attach order are *(specify):*
   James E. Shelton, 316 Covered Bridge Road, King of Prussia, PA 19406
5. The name and last known address of the judgment debtor or person whose property is subject to the right to attach order are *(specify):*
   Eve Aron, a/k/a Eve Ohayon, 5416 Medina Road, Woodland Hills, CA 91364.
6. The amount required to satisfy the judgment creditor's money judgment or to secure the amount to be secured by the attachment at the time this notice of lien is filed is
   $ 50,466.46
7. The lien created by this notice attaches to any cause of action of the person named in item 5 that is the subject of this action or proceeding and to that person's rights to money or property under any judgment subsequently procured in this action or proceeding.
8. No compromise, dismissal, settlement, or satisfaction of this action or proceeding or any of the rights of the person named in item 5 to money or property under any judgment procured in this action or proceeding may be entered into by or on behalf of that person, and that person may not enforce any rights to money or property under any judgment procured in this action or proceeding by a writ or otherwise, unless one of the following requirements is satisfied:
   a. the prior approval by order of the court in this action or proceeding has been obtained;
   b. the written consent of the person named in item 4 has been obtained or that person has released the lien; or
   c. the money judgment of the person named in item 4 has been satisfied.

| **NOTICE The person named in item 5 may claim an exemption for all or any portion of the money or property within 30 days after receiving notice of the creation of the lien. The exemption is waived if it is not claimed in time.** |
|---|

Date: 08/25/2023

JAMES E. SHELTON
_____
*(TYPE OR PRINT NAME)*

▶  *James E. Shelton*
_____
*(SIGNATURE OF LIEN CLAIMANT OR ATTORNEY)*

Form Approved by the<br>Judicial Council of California<br>AT-180, EJ-185 [New January 1, 1985]

**NOTICE OF LIEN**
(Attachment—Enforcement of Judgment)

CCP 491.410, 708.410



# U.S. District Court

## California Central - Los Angeles

Receipt Date: Aug 24, 2023 1:38PM

Galaxy Process Servers(Silvia K.)

Rcpt. No: 6677 | Trans. Date: Aug 24, 2023 1:38PM | Cashier ID: #AS

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|---------------------|-----|-------|-----|
| 100 | Copies (Paper) | | 5 | 0.50 | 2.50 |
| 104 | Cert of Document/Transcript of JGMT | | 1 | 11.00 | 11.00 |

| CD | Tender | | | Amt |
|----|--------|---|---|-----|
| CH | Check | #5880 | 08/23/2023 | $13.50 |

Total Due Prior to Payment: $13.50

Total Tendered: $13.50

Total Cash Received: $0.00

Cash Change Amount: $0.00

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| CHRISTOPHER SAMUEL | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:19-cv-05229-MKB-TAM |
| EVE ARON | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*    12/28/2022

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:    AUG 2 2 2023

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTOPHER SAMUEL,

Plaintiff,                          JUDGMENT

v.
                                                    19-CV-5229 (MKB) (TAM)

EVE ARON,

Defendant.
----------------------------------------------------------------X

A Memorandum and Order of Honorable Margo K. Brodie, United States District Judge,

having been filed on December 22, 2022, adopting the Report and Recommendation of

Magistrate Judge Taryn A. Merkl, dated September 14, 2022, granting Plaintiff's motion to

enforce the settlement and enter judgment in favor of Plaintiff consisting of (1) a judgment of

$45,000; (2) pre-judgment interest at nine percent per annum pursuant to New York Civil

Practice Law and Rules §§ 5001(a)–(b) and 5004, to be calculated from January 4, 2022, through

the date of judgment; and (3) post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a),

to be calculated from the date judgment is entered until the date of payment; and the Clerk of

Court having calculated the prejudgment interest at the rate set forth above and the interest being

$$3,972.33; it is

ORDERED and ADJUDGED that Plaintiff's motion to enforce the settlement and enter

judgment in favor of Plaintiff is granted; and that judgment is hereby entered in favor of Plaintiff

in the total amount of $48,972.33 plus post-judgment interest at the rate set forth in 28 U.S.C. §

1961(a), to be calculated from the date judgment is entered until the date of payment.

Dated: Brooklyn, New York                    Brenna B. Mahoney
       December 28, 2022                      Clerk of Court

A TRUE COPY
ATTEST
DATE _____ Hugust 2nd 2023
BRENNA-B. MAHONEY
CLERK
BY _____ DEPUTY CLERK

By:    /s/Jalitza Poveda
       Deputy Clerk

Case 2:23-cv-07728-PSG-PD Document 2-1 Filed 09/08/23 Page 39 of 104 Page ID #:56

Case 2:23-mc-00109 Document 1 Filed 08/22/23 Page 3 of 5 Page ID #:3
Case 1:19-cv-05229-MKB-TAM Document 51 Filed 08/22/23 Page 1 of 3 PageID #: 351

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CHRISTOPHER SAMUEL,

Plaintiff,

**ACKNOWLEDGEMENT OF
ASSIGNMENT OF JUDGMENT**

v.

EVE ARON,                                                    No. 19-CV-5229 (MKB) (TAM)

Defendant.

-------------------------------------------------------------X

## ACKNOWLEDGEMENT OF ASSIGNMENT OF JUDGMENT:

COMES NOW **CHRISTOPHER SAMUEL,** Plaintiff and Creditor in this matter, and

hereby provides the following in support of an ASSIGNMENT OF JUDGMENT:

1) THAT the judgment was entered in this Court on December 28, 2022.

2) THAT Plaintiff was awarded the total amount of $48,972.33 against Defendant

   EVE ARON.

3) THAT there have been no renewals since the entry of said judgment and that

   Plaintiff has received $0.00 of judgment from judgment debtor.

4) CHRISTOPHER SAMUEL, whose address is 282 East 35th Street Apt 4H,

   Brooklyn, NY 11203, is the judgment creditor of record.

5) THAT the last address of record for EVE ARON, judgment debtor, is 5416 Medina

   Rd, Woodland Hills, CA 91364.

6) THAT I, CHRISTOPHER SAMUEL, judgment creditor, hereby irrevocably

   transfer, and assign all title, rights, and interest in the judgment to the following

   person:

1

Case 2:23-cv-07728-PSG-PD   Document 2-1   Filed 09/08/23   Page 40 of 104   Page ID #:57

Case 2:23-mc-00109   Document 1   Filed 08/22/23   Page 4 of 5   Page ID #:4
Case 1:19-cv-05229-MKB-TAM   Document 51   Filed 08/22/23   Page 2 of 3 PageID #: 352

JAMES E. SHELTON
316 Covered Bridge Road
King of Prussia, PA 19406

7) THAT Assignor acknowledges that this is an absolute assignment without recourse
and that the rights represented by this judgment that are assigned to the assignee, James E.
Shelton are all of the assignor's rights, title and interest in the judgment awarded in the above-
entitled action. This is an absolute assignment for the full amount of the judgment with
allowed costs and accrued interest thereon at the legal rate from and after the date of entry of
this judgment.

8) THAT I hereby irrevocably assign to and authorize Assignee, JAMES E.

SHELTON, to recover, compromise, settle and enforce said judgment at his discretion.

9) James E. Shelton, 316 Covered Bridge Road, King of Prussia, PA 19406, is now the
holder and owner of the Judgment.

Signed this _22nd_ day of _August_, 2023.

**CHRISTOPHER SAMUEL**
Original Judgment Creditor

SEE NOTARIZATION ATTACHED

2

Case 2:23-cv-07728-PSG-PD   Document 2-1   Filed 09/08/23   Page 41 of 104   Page ID #:58

Case 2:23-mc-00109   Document 1   Filed 08/22/23   Page 5 of 5   Page ID #:5
Case 1:19-cv-05229-MKB-TAM   Document 51   Filed 08/22/23   Page 3 of 3 PageID #: 353

## Notary Acknowledgement Form

State of:    _New York_    )
                                          )ss.:
County of:   _Kings_    )

On the  _22nd_  day of  _August_  in the year  _2023_  before me, the
undersigned notary public, personally appeared  _Christopher Samnel_,
personally known to me or proved to me on the basis of satisfactory evidence to be the
individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their
signature(s) on the instrument, the individual(s), or the person upon behalf of which the
individual(s) acted, executed the instrument.

Notary Public

VICTORIA EVANDRA COKER
Notary Public - State of New York
NO. 01CO6179863
Qualified in Kings County
My Commission Expires 12/31/2023

3

I hereby attest and certify on 08/24/23
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

# **EXHIBIT 6**

Electronically FILED by Superior Court of California, County of Los Angeles on 12/09/2022 04:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk, Deputy Clerk

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Holly Fujie

1  Richard B. Rudolph (SBN 158915)
2  **RUDOLPH & CHONOLES, LLP**
   20241 SW Birch St., Suite 100
3  Newport Beach, California 92660
   Telephone: (949) 825-5210
4  Email: RRudolph@RCattorneys.com

5

6  *Attorneys for Plaintiff* Roy Maor

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9        **COUNTY OF LOS ANGELES, STANLEY MOSK COURTHOUSE**

10                    **UNLIMITED JURISDICTION**

11

| | |
|---|---|
| 12  ROIE MAOR, an individual, aka Roy Maor, | Case No. 22STCV38516 |
| 13  Plaintiffs, | **1. BREACH OF CONTRACT** |
| 14 | **2. OPEN BOOK ACCOUNT;** |
| 15 | **3. ACCOUNT STATED;** |
| 16  vs. | **4. MONEY HAD AND RECEIVED;** |
| 17 | **5. BREACH OF FIDUCIARY DUTY;** |
| 18  EVE M. ARON, an individual; ZION HORSE | **6. FRAUD;** |
| 19  ENTERPRISES LLC, a California limited | **7. CONSTRUCTIVE TRUST;** |
| 20  liability company, and DOES 1-25, | **8. ACCOUNTING; and** |
| 21  Defendants. | **9. RECOVERY OF DISHONORED** |
| | **CHECKS [Pursuant to CC § 1719].** |
| | **DEMAND FOR JURY TRIAL** |

22          ROY MAOR, an individual ("Plaintiff"), aka Roy Maor, through his attorneys, hereby

23  complains and alleges as follows:

24                  **PRELIMINARY JURISDICTIONAL ALLEGATIONS**

25          1.      Plaintiff Roie Maor, an individual (hereinafter "Maor," or "Plaintiff"), aka Roy

26  Maor, is an individual residing in the State of California, County of Los Angeles, City of

27

28

                                    -1-
                        COMPLAINT FOR DAMAGES

1  Calabasas.  Maor was one of two members of Zion Horse Enterprises LLC, a California limited
2  liability company.

3      2.      Defendant Eve M. Aron, an individual (hereinafter "Aron", or "Defendant") is an
4  individual residing in the State of California, County of Los Angeles, City of Woodland Hills.
5  Aron was one of two members of Zion Horse Enterprises LLC, a California limited liability
6  company.

7      3.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Zion
8  Horse Enterprises LLC (hereinafter "Zion," "LLC," or collectively with the other defendant(a) as
9  "Defendants"), is, and at all times herein mentioned was, a California limited liability company,
10  qualified to do business in the State of California, with its principal place of business in the State
11  of California, County of Los Angeles, at which Plaintiff was employed, thus having subjected
12  itself to jurisdiction in the State of California, County of Los Angeles.

13      4.      Plaintiff is unaware of the true names or capacities, whether individual,
14  association, partnership, corporation, or otherwise, of Does 1-25, inclusive, and therefore sues
15  said Defendants by such fictitious names.  Their true names and capacities, when ascertained,
16  may be incorporated herein by appropriate amendment.

17      5.      Plaintiff is informed, believes, and thereon alleges, that each of the defendants
18  were the agent and servant, or co-conspirator with, the other defendants, and they aided, abetted
19  and participated in the wrongful acts or omissions, or otherwise caused or are responsible for the
20  damages, as alleged in this Complaint.

21      6.      That the allegations herein sued upon are subject to the provisions of §395a of the
22  Civil Code of the State of California and §410.10 of the Code of Civil Procedure of the State of
23  California.  The torts sued upon in this action all occurred in the County of Los Angeles, State of
24  California.

25                      **ALTER EGO ALLEGATIONS**

26      7.      At all relevant times, as alleged more fully herein, each Defendant acted as an
27  agent, servant, employee, co-conspirator, alter-ego, and/or joint venture of the other Defendant,
28  and in doing the things alleged herein, acted within the course and scope of such agency,

---

1  employment, alter-ego, and/or in furtherance of the joint venture.  Each of the Defendant's acts

2  alleged herein was done with the permission and consent of the other Defendant.

3         8.     At all times relevant hereto, Defendant Eve M. Aron and Zion Horse Enterprises,

4  LLC, were the alter ego of each other and there exists, at all times herein mentioned, and has

5  existed, a unity of interest and ownership between Defendants such that any separateness

6  between them has ceased to exist in that Defendant Aron completely controlled, dominated,

7  managed, and operated Defendant Zion to suit Defendant Aron's convenience and personal

8  needs.

9         9.     Specifically, at all times relevant hereto, Defendant Aron:

10       A.  Controlled the business affairs of Zion Horse Enterprises, LLC;

11       B.  Commingled the funds and assets of the LLC and diverted LLC funds and assets

12            for Aron's own personal use;

13       C.  Failed to maintain arm's length relationship with Zion;

14       D.  Held herself out as personally liable for the debts of Zion;

15       E.  Used the corporate entity as a mere shell, instrumentality, or conduit for herself

16            and her own personal business(es);

17       F.   Manipulated the assets and liabilities of the corporate entity for personal gain;

18            and

19       G.  Used the corporate entity to shield against personal obligations, and in particular,

20            the obligations as alleged in this Complaint.

21       10.    At all times relevant hereto, there was a unity of interest and ownership between

22  Defendant Aron and Defendant Zion that the individuality and separateness of Aron and Zion

23  ceased to exist and that the facts are such that an adherence to the fiction of the separate

24  existence of Aron and Zion under the particular circumstances, sanction a fraud or promote

25  injustice to Maor.

26       11.    Plaintiff is informed, believes, and thereon alleges, that the acts of Aron and Zion

27  mentioned herein were performed by Aron, her employee(s), agent(s), officer(s), servant(s),

28  and/or representative(s) of Aron or Zion.

**FACTUAL ALLEGATIONS**

12.     In or about June of 2021, Eve Aron approached Roie Maor to discuss a business venture regarding the purchase and sale of horses.  During the course of these discussions, Aron stated that she had done "many of these investments in the past" (or words to that effect) and needed Plaintiff to invest a substantial amount of money because cash flow from Aron's trust has been limited.  Aron gave Maor assurances that Aron was skilled, knowledgeable, and experienced in the horse industry for which Maor had little understanding.

13.     As a result of the aforementioned discussions, in or about June 2021, Plaintiff and Aron entered into a written agreement whereby Plaintiff would invest money for the purpose of Defendant to purchase, show and sell horses.

14.     Pursuant to the terms of that agreement, Maor and Aron were to purchase a horse, "Orelie Van Stal," a seven (7) year-old Dutch Mare Warmblood, for $330,000.00, each party to contribute 50% of the purchase price.  Once purchased, the financial responsibility for Orelie was to be transferred to Aron, including, but not limited to, travel, feed, training, boarding, insurance, and show related expenses.

15.     The purpose of the agreement was to purchase and sell horses.  Once the horse sold, profits would be split 50/50 wherefrom Aron would receive two (2) months of reimbursement for expenses once the profits were collected.

16.     On July 7, 2021, Plaintiff and Defendant Aron created a limited liability company, the Zion Horse Enterprises LLC (hereinafter "Zion" or "LLC"), for the foregoing purpose whereby Plaintiff and Defendant Aron would be partners in the horse industry.  Plaintiff Maor and Defendant Aron opened a joint bank account to operate the LLC.

17.     In or about July 7, 2021, Plaintiff invested the approximate amount of $165,000.00 into the LLC funds for the sole purpose of purchasing a horse.  Thereafter, during the remainder of the 2021 calendar year, Plaintiff began noticing that funds were being withdrawn from the LLC joint account attributable to Defendant's personal

expenses.  These expenses included, but were not limited to, personal car payments, personal rent payments, and other personal expenses.  Plaintiff asked Defendant about these withdrawals from the LLC joint account, and Defendant replied that the funds were used for horse-related items such as saddles.  Plaintiff later verified that Defendant's statement(s) were not true and verified the personal expenses.

18.     In or around August of 2021, Defendant showed Plaintiff a second horse at the Burbank Equestrian Center.  Defendant stated that she was part-owner of the horse and would need money to buy out her partner and co-owner of the second horse.  Defendant claimed that the second horse was "the best jumping horse around" (or words to that effect) and worthy of participating in the "Olympics."

19.     On or about September 2, 2021, based upon an initial lay inspection of the barn and Burbank Equestrian Center, and in continued reliance of Defendant's self-purported expertise, Plaintiff invested an additional sum of approximately $65,000.00, of which Defendant asked half to be in cash.

20.     Plaintiff performed his due diligence in obtaining knowledge about the horse industry and of the two (2) horses that were to be purchased by Defendant.  Plaintiff discovered that there was a plethora of information withheld by Defendant, which should reasonably have been disclosed to Plaintiff.  Specifically, Plaintiff discovered that the horses had prior histories of injuries, which Defendant knew of, or should have known about, and did not disclose to Plaintiff.  Other such information Defendant withheld from Plaintiff included, but were not limited to, current fair market value of the horses, chain of ownership, prize money from events from which the horses participated in, and third-party commissions involved in the brokering of these horses.  When asked about this information, Defendant gave vague and unrelated replies such as "you will get a confirmation number," "the check is in the mail," "we have a buyer," and other false statements to that effect.  When asked about specific buyers, Defendant fabricated and falsified information and continuously avoided providing names of the buyers.

21.     In late December of 2021, Plaintiff once again sought answers and certain assurances from Defendant regarding the LLC venture and the status of the sale of the horses purportedly purchased by Defendant.   Once again, Defendant side-stepped the issues and filibustered.   Plaintiff confronted Defendant about the verified lies, and Defendant denied everything.

22.     On or about April 7, 2022, Defendant entered into a written agreement with Plaintiff to buy out Plaintiff's interest in the LLC for $ 335,000.00 no later than April 14, 2022, but never followed through with payment.

23.     On or about April 8, 2022, Defendant stated to Plaintiff that one (1) horse sold and that she would be buying out Plaintiff's interest in the other horse the LLC allegedly owned in order to make things whole and continue with the horse industry venture.  Neither statement was true.

24.     On or about April 8, 2022, Aron delivered a personal check in the amount of $375,000.00, dated the same, to Maor.  On April 12, 2022, Maor was informed by the bank that Aron's personal check (check number 155) was returned, untendered, due to Aron's account being "blocked."   Having been informed of the returned check, Aron issued two (2) additional personal checks (check numbers 164 and 166) sometime in mid to late May of 2022 in the amounts of $187,000.00, each, to Maor from the same exact bank account as the previously issued and returned check.  Those two (2) personal checks were returned, untendered by the bank, due to Aron's account being closed.

25.     Defendant repeatedly also promised to deliver cashier's checks, several of which she provided online confirmation for but were never received.  Plaintiff discovered thereafter that many of these screenshots purporting to be cashier's checks confirmations were fabricated and were false.

26.     Defendant delivered several checks to Plaintiff to reimburse Plaintiff for the money he advanced in purchasing the horses.   In or about June 2022, Plaintiff demanded that the money he invested be returned, or in the alternative that Defendant would buy out Plaintiff's interest in the LLC.   Despite numerous promises to do so,

Defendant has not returned Plaintiff's money nor bought out Plaintiff's interest in the LLC leaving Plaintiff damaged in the approximate amount of $ 335,000.00. Defendant even went so far as to offer Plaintiff a written agreement that she would buy out Plaintiff.

27. During the relevant time period, in at least nine (9) instances, Defendant sent or caused to be sent to Plaintiff images of bank statements, financial statements, and wire transfers all purporting to send payment to Plaintiff's bank account, though none of them ever occurred, and were confirmed by Plaintiff to have been fabricated.

28. During the relevant time period, in over a dozen instances, Defendant instructed Plaintiff to check his bank accounts to verify non-existent wire transfers.

29. During the relevant time period, in multiple instances, Defendant engaged several other third persons to participate in her fraud scheme in multiple attempts to convince Plaintiff payment of funds to him were imminent. Specifically, in one instance, Defendant employed third persons to speak with Plaintiff and assert that payment was forthcoming, including an alleged trustee of a trust for the benefit of Defendant, Diane Arsenault, alleged representatives from financial institutions, and an attorney. Defendant Aron has even claimed she was pregnant, and separately that she had cancer.

30. Defendant employed the services of an attorney, Amber James, to repeat the false and misleading statements of Defendant that payment was forthcoming and had said attorney present alleged evidence, which turned out to be false, to Plaintiff in order to forestall his actions in enforcing his legal rights as against Defendant. That attorney has since denied continuing her representation of Defendant.

31. On or about August 5, 2022, Defendant paid Plaintiff $40,000.00 toward the amount owed.

32. Despite repeated demand by Plaintiff therefore, Defendant has failed, and continues to fail to pay Plaintiff the sum of money owed, contracted, agreed upon, and promised by Defendant based upon Defendant's misrepresentations and fraudulent misconduct. Plaintiff has been damaged in an amount of at least $ 335,000.00.

///

///

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT
### (Against All Named Defendants; and Does 1-25, inclusive)

33.     Plaintiffs hereby incorporate by reference all of the preceding paragraphs of this Complaint as though set forth fully herein.

34.     A valid contract existed between Plaintiff and Defendant.

35.     Pursuant to the terms of that agreement, Maor and Aron were to purchase a horse, "Orelie Van Stal," a seven (7) year-old Dutch Mare Warmblood, for $330,000.00, each party to contribute 50% of the purchase price.  Once purchased, the financial responsibility for Orelie was to be transferred to Aron, including, but not limited to, travel, feed, training, boarding, insurance, and show related expenses.

36.     The purpose of the agreement was to purchase and sell horses.  Once the horse sold, profits would be split 50/50 wherefrom Aron would receive two (2) months of reimbursement for expenses once the profits were collected.

37.     For the reasons set forth in paragraphs 7 through 11, and paragraphs 12 through 32, herein, on April 14, 2022, Defendant breached the contract by:

        a.   Failing to return Plaintiff's capital investment; and/or

        b.   Failing to buy out Plaintiff's interest in the LLC.

38.     Plaintiff has been damaged, and pursuant to the terms of the Agreement, is entitled to the sum of $ 335,000.00, plus consequential and incidental damages, attorneys' fees, and interest at the rate of 10.00% per annum from the date of breach of April 14, 2022.

39.     Plaintiff has performed all obligations, covenants, and conditions required under the agreement, except to the extent that any such obligations, covenants, and conditions have been excused, prevented, or waived by Defendant's acts and omissions.

## SECOND CAUSE OF ACTION – OPEN BOOK ACCOUNT
### (Against All Named Defendants, and Does 1 through 25, inclusive)

40.     Plaintiff hereby incorporates by reference paragraphs 1 through 32, and 34 through 39, inclusive, of this Complaint as though set forth fully herein.

41.     Maor and Aron were engaged in a financial transaction.

1    42.    Maor kept an account of the debits and credits involved in the transactions.

2    43.    Defendant owes Plaintiff money on the account in an amount to be determined

3 prior to trial in excess of $ 335,000.00.

4

5
### THIRD CAUSE OF ACTION – ACCOUNT STATED
**(Against All Named Defendants, and Does 1 through 25, inclusive)**

6    44.    Plaintiff hereby incorporates by reference paragraphs 1 through 32, 34 through 39

7 41 through 43, inclusive, of this Complaint as though set forth fully herein.

8    45.    Aron owed Maor money from a previous financial transaction.

9    46.    Maor prepared, kept, and maintained an account ledger of the sums of money

10 invested in the LLC whereby Aron was to buy and sell horses for a profit. That ledger amounts

11 invested towards capital, amounts owed, debits, and credits.

12    47.    Defendant took the money that Plaintiff invested into the LLC and used those

13 funds for personal, non-business related, expenses, despite Plaintiff's protests.

14    48.    At the time of filing this complaint, Aron owes Plaintiff approximately $

15 335,000.00.

16
### FOURTH CAUSE OF ACTION – MONEY HAD AND RECIEVED
17
**(Against All Named Defendants, and Does 1 through 25, inclusive)**

18    49.    Plaintiff hereby incorporates by reference paragraphs 1 through 32, 34 through 39

19 41 through 43, and 45 through 48, inclusive, of this Complaint as though set forth fully herein.

20    50.    Aron collected money that was intended to be used for the benefit of Maor and

21 the LLC.

22    51.    Rather than use those funds for the benefit of Maor, individually, and the LLC,

23 Defendant used those funds for personal, non-business related expenses.

24    52.    None of the money has been used to Plaintiff's benefit.

25    53.    Plaintiff will seek leave to amend this complaint to state the sums with specificity

26 when known.

27 ///

28

1

2 **FIFTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY**

3 **(Against All Named Defendants, and Does 1 through 25, inclusive)**

4      54.     Plaintiff hereby incorporates by reference paragraphs 1 through 32, 34 through 39

5 41 through 43, 45 through 48, and 50 through 53, inclusive, of this Complaint as though set forth

6 fully herein.

7      55.     A fiduciary duty between Plaintiff and Defendant Aron existed by way of the

8 formation of the LLC as laid out in the facts contained in Paragraphs 7 through 11, and

9 paragraphs 12 through 32, of this Complaint and realleged herein.

10      56.     As such, Defendants owed Plaintiff the duty of care to use the capital funds that

11 Plaintiff personally invested for the benefit of Plaintiff, individually, and the LLC.  Defendant

12 owed the duty of care and loyalty not to commit ultra vires acts for the personal benefit of

13 Defendant.

14      57.     Defendant breached her duty of care and loyalty to Plaintiff by using those

15 personal funds of Plaintiff for Defendant's personal benefit(s), none of which benefitted Plaintiff

16 or the LLC.

17      58.     But for Defendant's wrongful conduct and breaches of her fiduciary duties,

18 Plaintiff would not have been damaged.  Defendant's conduct were the substantial, direct, and

19 proximate, causes of Plaintiff's damages.

20      59.     Plaintiff has been damaged in the approximate amount of $ 335,000.00.

21      60.     At all times herein, Defendant acted maliciously and oppressively, with the

22 wrongful intentions of injuring Plaintiff from a despicable and evil motive amounting to malice

23 and in conscious disregard of Plaintiff's right.  In particular, Defendant entered into a contract

24 and business venture with Plaintiff for the purposes of using Plaintiff's money for Defendant's

25 own personal and non-business related use.  Defendant's malice is further evidenced by the

26 numerous bounced checks that she delivered to Plaintiff under false pretenses of making Plaintiff

27 whole under the contract and the business venture.  Plaintiff is therefore entitled to punitive and

28 treble damages in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION – FRAUD: INTENTIONAL MISREPRESENTATION AND INTENTIONAL CONCEALMENT

### (Against all named Defendants; and Does 1-25, inclusive)

61.     Plaintiff hereby incorporates by reference paragraphs 1 through 32, 34 through 39, 41 through 43, 45 through 48, 50 through 53, and 55 through 60, inclusive, of this Complaint as though set forth fully herein.

62.     Maor knew of Aron through Maor's friendship with Aron's husband.  Between the time that Aron initially contacted Maor in summer of 2021, and the present, Defendant and Plaintiff met in Los Angeles County on various and numerous occasions to discuss Plaintiff's possible involvement in Defendant's horse industry business venture.  By way of the realleged allegations from Paragraphs 6 to 23, and reasonably relying on Defendants representations concerning her own knowledge, expertise, and experience, Plaintiff agreed to invest a substantial amount of money.

63.     On or about July 7, 2021, Plaintiff invested the approximate amount of $165,000.00 into the LLC funds for the sole purpose of purchasing a horse.  Thereafter, during the remainder of the 2021 calendar year, Plaintiff began noticing that funds were being withdrawn from the LLC joint account attributable to Defendant's personal expenses.  These expenses included, but were not limited to, car payments, personal rent payments, and other personal expenses.   Plaintiff asked Defendant about these withdrawals from the LLC joint account, Defendant replied that the funds were used for horse-related items such as saddles.  Plaintiff later verified that Defendant's statement(s) were not true and verified the personal expenses.

64.     In or around August of 2021, Defendant showed Plaintiff a second horse at the Burbank Equestrian Center.  Defendant stated that she was part-owner of the horse and would need money to buy out her partner and co-owner of the second horse. Defendant claimed that the second horse was "the best jumping horse around" (or words to that effect) and worthy of participating in the "Olympics."

65.     On or about September 2, 2021, based upon an initial lay inspection of the barn and Burbank Equestrian Center, and in continued reliance of Defendant's self-purported expertise, Plaintiff invested an additional sum of approximately $65,000.00, of which Defendant asked half to be in cash.

66.     Between June of 2021 and September of 2021, Plaintiff performed his due diligence in obtaining knowledge about the horse industry and of the two (2) horses that were to be purchased by Defendant.  Plaintiff discovered that there was a plethora of information withheld by Defendant, which Plaintiff had every right and reason to know about.  Specifically, Plaintiff discovered that the horses had prior history of injuries, which Defendant knew, or should have known about, and did not disclose to Plaintiff.  Other such information Defendant withheld from Plaintiff included, but were not limited to, current FMV value of the horses, chain of ownership, prize money from events from which the horses participated in, and third-party commissions involved in the brokering of these horses.  When asked about this information, Defendant gave vague and unrelated replies such as "you will get a confirmation number," "the check is in the mail," "we have a buyer," and other statements to that effect.  When asked about specific buyers, Defendant fabricated information and continuously avoided providing names of the buyers.

67.     Preying upon the goodwill and established relationship between Plaintiff and Defendant's husband, and because Defendant's trust account was limited, Defendant intentionally used these facts to induce Plaintiff into becoming a secondary source of Defendant's personal income under the false guise of engaging in the horse industry business.

68.     The representations made by Defendant to Plaintiff were verifiably false.

69.     Plaintiff reasonably relied upon Defendant's representations.

70.     Defendant failed to pay back any money invested by Plaintiff to Defendant and to bring the LLC purpose to fruition.

71.     Defendant's intentional misrepresentations to Plaintiff was the proximate, legal, and direct factors in causing Plaintiff's harm.

72.     At all times herein, Defendant acted maliciously and oppressively, with the wrongful intentions of injuring Plaintiff from a despicable and evil motive amounting to malice and in conscious disregard of Plaintiff's right.  In particular, Defendant entered into a contract and business venture with Plaintiff for the purposes of using Plaintiff's money for Defendant's own personal and non-business related use.  Defendant's malice is further evidenced by the numerous bounced checks that she delivered to Plaintiff under false pretenses of making Plaintiff whole under the contract and the business venture.  Plaintiff is therefore entitled to punitive and treble damages in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION – CONSTRUCTIVE TRUST
### (Against All Named Defendants, and Does 1 through 25, inclusive)

73.     Plaintiff hereby incorporates by reference paragraphs 1 through 32, 34 through 39 41 through 43, 45 through 48, 50 through 53, 55 through 60, and 62 through 72, inclusive, of this Complaint as though set forth fully herein.

74.     By reasons set forth in Paragraphs 6 through 16 of this Complaint, Defendant owes Plaintiff the approximate sum of $ 335,000.00.

75.     Plaintiff personally invested money in Defendant the aforementioned sums and is entitled to have the sums returned.

76.     By breaching her fiduciary duties to Plaintiff and the LLC, Defendant forfeited her rights in the LLC joint account and any benefits arising from the LLC and Plaintiff's investment to Defendant.

77.     For these reasons, Plaintiff seeks the Court's intervention in establishing a constructive trust for those amounts to be held for the benefit of Plaintiff.

## EIGHTH CAUSE OF ACTION – ACCOUNTING
### (Against all named Defendants; and Does 1-25, inclusive)

78.     Plaintiff hereby incorporates by reference paragraphs 1 through 32, 34 through 39 41 through 43, 45 through 48, 50 through 53, 55 through 60, 62 through 72, and 74 through 77, inclusive, of this Complaint as though set forth fully herein.

79.    The Parties hereto were in a fiduciary relationship established by way of the allegations contained in Paragraphs 7 through 11, and paragraphs 12 through 32, and the Fifth Cause of Action for Breach of Fiduciary Duty.

80.    Defendants agreed to use the money that Plaintiff invested for the purposes of engaging in the horse industry whereby Defendant would purchase and sell horses for profit. Instead of engaging in the horse-flipping venture, Defendant used those funds for her own personal, non-business related use and committed wholesale fraud upon Plaintiff.

81.    The amount of money that Defendant diverted for her own personal use can only be ascertained by an accounting of the funds.

82.    Plaintiff has demanded an accounting of the aforementioned funds but Defendant refuses, and continues to refuse to provide for such accounting and to pay said amounts.

## NINTH CAUSE OF ACTION – RECOVERY OF DISHONORED CHECKS

### [Pursuant to Civil Code § 1719]

### (Against all named Defendants; and Does 1-25, inclusive)

83.    Plaintiff hereby incorporates by reference paragraphs 1 through 32, 34 through 39 41 through 43, 45 through 48, 50 through 53, 55 through 60, 62 through 72, 74 through 77, and 79 through 82, inclusive, of this Complaint as though set forth fully herein.

84.    On or about April 8, 2022, Aron gave a written check (Check no. 155) to Maor, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

85.    This check was presented to JP Morgan Chase & Co. for payment, but the bank refused to honor it because Aron's bank account was "frozen/blocked."

86.    Thereafter, despite Check no. 155 being returned untendered, on or about May 17, 2022, Aron gave two (2) additional written checks (Check nos. 164 and 166) to Maor, true and correct copies of which are attached hereto as Exhibits "B" and "C" and incorporated herein by reference.

87.    These checks were presented to JP Morgan Chase & Co. for payment, but the bank refused to honor them because Aron's bank account was "closed."

88.   On August 15, 2022, written demand was made upon Aron by certified mail for payment of the amount of the checks, a service charge and the costs of mailing the written demand, but Defendant did not pay these amounts. A copy of this demand and a copy of the certified mail receipts are attached hereto as Exhibit "D" and incorporated herein by reference.

89.   Defendant did not pay in full the total set forth in said written demand within 30 days after it was mailed.

90.   Plaintiff is entitled to the amount of the check (less partial payments thereon in the amount of $40,000.00), in the approximate amount of $335,000.00.

91.   Plaintiff is also entitled to statutory damages of $4,500.00 ($1,500.00 per bad check) pursuant to Civil Code § 1719.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.   For general and special damages in an amount to be proven at trial, but no less than $335,000.00, according to proof thereof;

2.   For statutory damages pursuant to Civil Code § 1719;

3.   For consequential and incidental damages;

4.   For punitive and treble damages according to the law and according to proof;

5.   For attorney fees and costs of suit herein;

6.   For all statutorily allowed damages;

7.   For interest thereon at the legal rate of 10.00% through judgment; and

8.   For such other and further relief as the court may deem just and proper.

Dated: November 21, 2022

RUDOLPH & CHONOLES, LLP

By: _____
Richard B. Rudolph
Attorney for Plaintiff
ROIE MAOR

-15-
COMPLAINT FOR DAMAGES

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial in this matter.

3

RUDOLPH & CHONOLES, LLP

4

5

DATED:    November 21, 2022                    By:

6

RICHARD B. RUDOLPH
Attorneys for Plaintiff

7

Roie Maor

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-
COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT "A"

27
28

7/13/22, 12:29 PM                    Returned Deposit Details - chase.com

# CHASE *for* BUSINESS

**$375,000.00**
Total

Apr 12, 2022
Post date

1
Checks returned

The paying bank returned the check unpaid because the account is blocked.



| | |
|---|---|
| Account # | 1864 |
| Routing # | |
| Check # | 000000000155 |
| Reason for return | Blocked account |

JPMorgan Chase Bank, N.A. Member FDIC          ©2022 JPMorgan Chase & Co.          Equal Opportunity Lender

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

7/13/22, 12:30 PM                              Returned Deposit Details - chase.com

# CHASE *for* BUSINESS

## $187,000.00
Total

Jun 29, 2022
Post date

1
Checks returned

This check was returned unpaid because your paying account is closed.



| | |
|---|---|
| Account # | !864 |
| Routing # | |
| Check # | 000000000164 |
| Reason for return | Account closed |

JPMorgan Chase Bank, N.A. Member FDIC            ©2022 JPMorgan Chase & Co.                    Equal Opportunity Lender

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "C"

7/13/22, 12:30 PM                                     Returned Deposit Details - chase.com

# CHASE *for* BUSINESS

## $187,000.00
Total

Jun 29, 2022
Post date

1
Checks returned

This check was returned unpaid because your paying account is closed.



| | |
|---|---|
| Account # | `1864 |
| Routing # | |
| Check # | 000000000166 |
| Reason for return | Account closed |

JPMorgan Chase Bank, N.A. Member FDIC            ©2022 JPMorgan Chase & Co.                    Equal Opportunity Lender

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "D"

*t*

# NOTICE OF BAD CHECK
*(Civil Code section 1719)*

RESENT VIA FIRST CLASS MAIL 9/7/22

DATE: ___August 15, 2022___

**SENT VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

TO: ___Eve Aron_____
       *(Person who wrote the bad check)*

___Roie Maor_____ is the payee of the check you wrote on
*(Person to whom the bad check was written, called the "Payee")*

___April 8, 2022_____ for $ _375,000.00_____. The check number was

___155_____, and it was drawn on account number ___\1864_____ at
       *(Amount of check)*
___US Bank_____. The check was
not paid because      ☒ you did not have sufficient funds in your account
                      ☐ you stopped payment

☒ FOR INSUFFICIENT FUNDS:

        Pursuant to California Civil Code section 1719(a) you are liable for full amount of the
check plus a service charge of $ _25.00_____ . *(The service charge cannot exceed
$25.00 for the first bounced check and $35.00 for each subsequent bounced check.)*

        You shall also be liable for damages equal to three times the amount of the check, *(which
shall be at least $100, but not more than $1,500)*, if you fail to pay within thirty (30) days from
the date this notice is mailed the amount of the check in cash, plus the amount of the service
charge listed above, together with the cost of mailing this notice in the amount of $ _-0-_____
_____.

☐ FOR STOP-PAYMENT:

        You may have a good faith dispute as to whether you owe the full amount. If you do not
have a good faith dispute with the person to whom you wrote the check (the "payee"), and you
fail to pay the payee the full amount of the check in cash, a service charge of an amount not to
exceed twenty-five dollars ($25.00) for the first check passed on insufficient funds and an amount
not to exceed thirty-five dollars ($35.00) for each subsequent check passed on insufficient funds,
and the costs to mail this notice within 30 days after this notice was mailed, you could be sued
and held responsible to pay at least both of the following:

        (1)     The amount of the check.
        (2)     Damages of at least one hundred dollars ($100) or, if higher, three times

the amount of the check up to one thousand five hundred dollars ($1,500).

      If the court determines that you do have a good faith dispute with the payee, you will not have to pay the service charge, treble damages or mailing cost. If you stopped payment because you have a good faith dispute with the payee, you should try to work out your dispute with the payee. You should contact the payee at:

Roie Maor

---
*(Name of payee)*

c/o Rudolph & Chonoles, LLP

---
20241 SW Birch St, Suite 100, Newport Beach, CA 92660

---
*(Street address of payee)*

(818) 300-5343 or Rudolph & Chonoles, LLP at (949) 825-5210

---
*(Telephone number of payee)*

You may wish to contact a lawyer to discuss your legal rights and responsibilities.

---
*(Signature of person sending this notice)*

Richard B. Rudolph, Attorney

---
*(Print or type name of person sending this notice)*

7/13/22, 12:29 PM                           Returned Deposit Details - chase.com

# CHASE *for* BUSINESS

## $375,000.00
Total

**Apr 12, 2022**
Post date

**1**
Checks returned

The paying bank returned the check unpaid because the account is blocked.



| | |
|---|---|
| Account # | 1864 |
| Routing # | |
| Check # | 000000000155 |
| Reason for return | Blocked account |

JPMorgan Chase Bank, N.A. Member FDIC            ©2022 JPMorgan Chase & Co.                    Equal Opportunity Lender

# NOTICE OF BAD CHECK
*(Civil Code section 1719)*

RESENT VIA FIRST CLASS MAIL 9/7/22

DATE: ___August 15, 2022___

**SENT VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

TO: ___Eve Aron___
*(Person who wrote the bad check)*

___Roie Maor___ is the payee of the check you wrote on
*(Person to whom the bad check was written, called the "Payee")*

___May 17, 2022___ for $ _187,000.00_ . The check number was
                        *(Amount of check)*

___164___, and it was drawn on account number __ :1864 __ at
___US Bank___ . The check was

not paid because ☒ you did not have sufficient funds in your account
                 ☐ you stopped payment

☒ **FOR INSUFFICIENT FUNDS:**

Pursuant to California Civil Code section 1719(a) you are liable for full amount of the check plus a service charge of $ _25.00_ . *(The service charge cannot exceed $25.00 for the first bounced check and $35.00 for each subsequent bounced check.)*

You shall also be liable for damages equal to three times the amount of the check, *(which shall be at least $100, but not more than $1,500)*, if you fail to pay within thirty (30) days from the date this notice is mailed the amount of the check in cash, plus the amount of the service charge listed above, together with the cost of mailing this notice in the amount of $ _-0-_ _____.

☐ **FOR STOP-PAYMENT:**

You may have a good faith dispute as to whether you owe the full amount. If you do not have a good faith dispute with the person to whom you wrote the check (the "payee"), and you fail to pay the payee the full amount of the check in cash, a service charge of an amount not to exceed twenty-five dollars ($25.00) for the first check passed on insufficient funds and an amount not to exceed thirty-five dollars ($35.00) for each subsequent check passed on insufficient funds, and the costs to mail this notice within 30 days after this notice was mailed, you could be sued and held responsible to pay at least both of the following:

(1)   The amount of the check.
(2)   Damages of at least one hundred dollars ($100) or, if higher, three times

the amount of the check up to one thousand five hundred dollars ($1,500).

If the court determines that you do have a good faith dispute with the payee, you will not have to pay the service charge, treble damages or mailing cost. If you stopped payment because you have a good faith dispute with the payee, you should try to work out your dispute with the payee. You should contact the payee at:

Roie Maor

---

*(Name of payee)*
c/o Rudolph & Chonoles, LLP

---

20241 SW Birch St, Suite 100, Newport Beach, CA 92660

---

*(Street address of payee)*

(818) 300-5343 or Rudolph & Chonoles, LLP at (949) 825-5210

---

*(Telephone number of payee)*

You may wish to contact a lawyer to discuss your legal rights and responsibilities.

---

*(Signature of person sending this notice)*

Richard B. Rudolph, Attorney

---

*(Print or type name of person sending this notice)*

7/13/22, 12:30 PM — Returned Deposit Details - chase.com

# CHASE *for* BUSINESS

## $187,000.00
**Total**

**Jun 29, 2022**
Post date

**1**
Checks returned

This check was returned unpaid because your paying account is closed.



**Account Closed**

EVE ARON
5416 MEDINA RD.
WOODLAND HLS, CA 91364-1848

90-4592/1222

164

Date 5/17/22

PAY TO THE ORDER OF Roie Maor    $ 187,000 00

one hundred eighty seven thousand dollars

**usbank.**

Memo house payment

&0164

| | |
|---|---|
| Account # | ***1864 |
| Routing # | |
| Check # | 000000000164 |
| Reason for return | Account closed |

JPMorgan Chase Bank, N.A. Member FDIC        ©2022 JPMorgan Chase & Co.        Equal Opportunity Lender

# NOTICE OF BAD CHECK

*(Civil Code section 1719)*

DATE: _____August 15, 2022_____          **SENT VIA CERTIFIED MAIL**
                                          **RETURN RECEIPT REQUESTED**

TO: ___Eve Aron_____
    *(Person who wrote the bad check)*

___Roie Maor_____ is the payee of the check you wrote on
*(Person to whom the bad check was written, called the "Payee")*

___May 17, 2022_____ for $ _187,000.00_____. The check number was

_____166_____                *(Amount of check)*       ···~··               ____at____
    , and it was drawn on account number __
        US Bank                                                      . The check was

not paid because          ☒ you did not have sufficient funds in your account
                          ☐ you stopped payment

☒ FOR INSUFFICIENT FUNDS:

      Pursuant to California Civil Code section 1719(a) you are liable for full amount of the
check plus a service charge of $ _25.00_____ . *(The service charge cannot exceed
$25.00 for the first bounced check and $35.00 for each subsequent bounced check.)*

      You shall also be liable for damages equal to three times the amount of the check, *(which
shall be at least $100, but not more than $1,500)*, if you fail to pay within thirty (30) days from
the date this notice is mailed the amount of the check in cash, plus the amount of the service
charge listed above, together with the cost of mailing this notice in the amount of $ _-0-_____
_____.

☐ FOR STOP-PAYMENT:

      You may have a good faith dispute as to whether you owe the full amount. If you do not
have a good faith dispute with the person to whom you wrote the check (the "payee"), and you
fail to pay the payee the full amount of the check in cash, a service charge of an amount not to
exceed twenty-five dollars ($25.00) for the first check passed on insufficient funds and an amount
not to exceed thirty-five dollars ($35.00) for each subsequent check passed on insufficient funds,
and the costs to mail this notice within 30 days after this notice was mailed, you could be sued
and held responsible to pay at least both of the following:

        (1)   The amount of the check.
        (2)   Damages of at least one hundred dollars ($100) or, if higher, three times

the amount of the check up to one thousand five hundred dollars ($1,500).

     If the court determines that you do have a good faith dispute with the payee, you will not have to pay the service charge, treble damages or mailing cost. If you stopped payment because you have a good faith dispute with the payee, you should try to work out your dispute with the payee. You should contact the payee at:

Roie Maor

---
*(Name of payee)*

c/o Rudolph & Chonoles, LLP

---
20241 SW Birch St, Suite 100, Newport Beach, CA 92660

---
*(Street address of payee)*

(818) 300-5343  or Rudolph & Chonoles, LLP at (949) 825-5210

---
*(Telephone number of payee)*

You may wish to contact a lawyer to discuss your legal rights and responsibilities.

---
*(Signature of person sending this notice)*

Richard B. Rudolph, Attorney

---
*(Print or type name of person sending this notice)*

7/13/22, 12:30 PM                          Returned Deposit Details - chase.com

# CHASE *for* BUSINESS

---

## $187,000.00

**Total**

Jun 29, 2022
Post date

1
Checks returned

---

This check was returned unpaid because your paying account is closed.



| | |
|---|---|
| Account # | 1864 |
| Routing # | |
| Check # | 000000000166 |
| Reason for return | Account closed |

---

JPMorgan Chase Bank, N.A. Member FDIC          ©2022 JPMorgan Chase & Co.          Equal Opportunity Lender

# **EXHIBIT 7**

Electronically FILED by Superior Court of California, County of Los Angeles on 02/01/2023 01:58 PM David W. Slayton, Executive Officer/Clerk of Court, by S. Bolden, Deputy Clerk

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | *Reserved for Clerk's File Stamp* |
|---|---|---|
| RICHARD B. RUDOLPH, ESQ.            (949) 825-5210<br>RUDOLPH & CHONOLES, LLP      rrudolph@rcattorney.com<br>20241 SW Birch Street, Suite 100<br>Newport Beach, CA 92660 | 158915 | |

ATTORNEY FOR (Name): PLAINTIFF, ROIE MAOR

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Roie Maor

DEFENDANT:
Eva M. Ohayon, et al.,

| **AMENDMENT TO COMPLAINT**<br>**(Fictitious /Incorrect Name)** | CASE NUMBER:<br>22STCV38516 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME

DOE DEFENDANT 1

and having discovered the true name of the defendant to be:

TRUE NAME

EVE OHAYON

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 1/27/23 | RICHARD B. RUDOLPH. ESQ. | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LASC LACIV 105 (Rev. 08/18)
For Optional Use

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474

Electronically Received 02/01/2023 01:57 PM

# **<u>EXHIBIT 8</u>**

Electronically FILED by Superior Court of California, County of Los Angeles on 02/03/2023 10:08 AM David W. Slayton, Executive Officer/Clerk of Court, by A. Lopez,Deputy Clerk

**CALLAHAN & BLAINE, APLC**
Edward Susolik (Bar No. 151081)
David C. Palmer (Bar No. 251609)
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Defendant EVE M. ARON

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES- STANLEY MOSK COURTHOUSE**

ROIE MAOR, an individual, aka Roy Maor;

Plaintiff,

v.

EVE M. ARON, an individual; ZION HORSE ENTERPRISES LLC, a California limited liability company, and DOES 1-25;

Defendants.

**CASE NO.** 22STCV38516

Assigned For All Purposes To:
Hon. Holly Fuhie
Dept. 56

**EVE M. ARON'S ANSWER TO ROIE MAOR'S COMPLAINT**

Complaint Filed: December 9, 2022
Trial Date: None Set

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    COMES NOW Defendant EVE M. ARON and answers the Complaint of ROIE MAOR on

2    file herein as follows:

3                                    **GENERAL DENIAL**

4    Pursuant to *Code of Civil Procedure* section 431.30, this answering Defendant denies

5    generally and specifically each and every allegation of the Complaint and each and every cause of

6    action thereof, and denies that Plaintiff was damaged in the sum or sums alleged, or to be alleged,

7    or in any other sum or sums whatsoever by reason of any act, breach or omission on the part of

8    this answering Defendant or any agent, servant or employee of this answering Defendant.

9                            **FIRST AFFIRMATIVE DEFENSE**

10                          **(Failure to State a Cause of Action)**

11    The Complaint does not state facts sufficient enough to constitute a cause of action against

12    answering Defendants.

13                          **SECOND AFFIRMATIVE DEFENSE**

14                                      **(Estoppel)**

15    Any conduct of Defendants that is alleged in the Complaint to be unlawful, improper,

16    and/or wrongful, was taken as a result of conduct and omissions by Plaintiff, and Plaintiff is thus

17    estopped from asserting any cause of action against Defendants.

18                            **THIRD AFFIRMATIVE DEFENSE**

19                                     **(Uncertainty)**

20    The Complaint, and each and every cause of action contained therein, is uncertain, vague,

21    ambiguous, improper, and unintelligible.

22                          **FOURTH AFFIRMATIVE DEFENSE**

23                                 **(Credit for Payments)**

24    Defendant alleges that she is entitled to a credit for payments, including, but not limited to,

25    excess payments, voluntary payments where there is no liability, and payments otherwise made

26    pursuant to California law.

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**FIFTH AFFIRMATIVE DEFENSE**

**(In Pari Delicto)**

Plaintiff's claims and allegations against Defendant, and each and every cause of action contained in the Complaint, are barred in whole or in part by the doctrine of in pari delicto.

**SIXTH AFFIRMATIVE DEFENSE**

**(Release/Cancellation)**

Plaintiff's claims and allegations against Defendant, and each and every cause of action contained in the Complaint for enforcement of any contract pre-existing the Residential Purchase Agreement, are barred in whole or in part by the written agreement entered into by the parties on or about April 7, 2022.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure of Conditions Precedent)**

Plaintiff's claims and allegations against Defendant, and each and every cause of action contained in the Complaint, are barred in whole or in part by Plaintiff's failure to satisfy conditions precedent.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff has failed to mitigate damages, if any, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant alleges that Plaintiff is guilty of wrongful conduct in connection with the allegations contained in the Complaint and, therefore, Plaintiff is barred from recovery by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

**(Lack of Good Faith)**

Defendant alleges that the Complaint, and each cause of action alleged therein, has not been brought in good faith and is frivolous, and therefore, Defendant is entitled to, and will seek,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   reasonable expenses and attorney fees incurred in defending the Complaint.

2   **ELEVENTH AFFIRMATIVE DEFENSE**

3   **(Statute of Frauds)**

4   Defendant alleges that Plaintiff's interpretation of the parties' agreement as alleged in the

5   Complaint violates the Statute of Frauds.

6   **TWELFTH AFFIRMATIVE DEFENSE**

7   **(Conduct of Others)**

8   Defendant alleges that should loss, damage, or detriment have occurred as alleged in the

9   Complaint, such loss, damage, or detriment was actually and proximately caused, in whole or in

10   part, by the negligence, wrongful conduct, and/or omissions of persons or entities other than the

11   answering Defendant. Recovery by Plaintiff is therefore barred or proportionately reduced

12   accordingly

13   **THIRTEENTH AFFIRMATIVE DEFENSE**

14   **(Apportionment)**

15   If the matters and damages alleged in the Complaint were proximately caused by the

16   conduct of more than one party, then any recovery must be apportioned as to the fault of each

17   party.

18   **FOURTEENTH AFFIRMATIVE DEFENSE**

19   **(Lack of Causation)**

20   Defendant alleges that Plaintiff's losses or damages suffered, if any be found, were not

21   proximately caused or contributed to by the acts or omissions of this answering Defendant.

22   **FIFTEENTH AFFIRMATIVE DEFENSE**

23   **(Comparative Liability)**

24   Defendants allege that Plaintiff is legally responsible with regards to the matters alleged in

25   the Complaint and that such liability actually and proximately caused or contributed, in whole or

26   in part, to the events, losses, and damages alleged therein. Accordingly, the events, losses, or

27   damages alleged by Plaintiff, if any be found, must be diminished in proportion to the amount of

28   fault attributed to Plaintiff's comparative wrongdoing.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Defendant alleges that the incident and injuries allegedly suffered by Plaintiff, if any are found to exist, were actually and proximately caused and contributed to by the wrongdoing of Plaintiff, his agents, representative, assigns and/or employees. Accordingly, if Plaintiff is entitled to recover for any liabilities, losses, or damages alleged, such recovery should be reduced to the extent that such liabilities, losses, or damages are attributable to the wrongdoings of Plaintiff or its agents, representatives, assigns, or employees.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Prior Breach)

Defendant alleges that Plaintiff materially breached the agreement alleged in the Complaint and is therefore precluded from enforcing such agreement or recovering for any liabilities, damages, or losses incurred under the alleged agreement. By reason of Plaintiff's material prior breach of the alleged agreement, Defendant is excused from any further performance under the same.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

Defendant alleges that any liabilities, losses, or damages alleged by Plaintiff are offset by the amounts owed to Defendant by Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Justification/Privilege)

Defendant alleges that the conduct attributed to Defendant as alleged in the Complaint was justified or privileged under the circumstances present.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Defendant alleges that Plaintiff would be unjustly enriched if it was to recover upon any of the causes of action alleged in the Complaint each purported cause of action contained therein is barred.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Lack of Equity)**

Defendant alleges that as between Plaintiff and answering Defendant, the equities are not such as to allow recovery by Plaintiff.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure of Consideration)**

Defendant alleges that there was, has been, and is a material failure of consideration on the part of Plaintiff, resulting in the discharge of any duty on the part of answering Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff may have known, or should have known, of the matters alleged herein for an unreasonable long period of time prior to commencement of this litigation and is therefore barred from recovery.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Defendant alleges that Plaintiff intentionally, knowingly, voluntarily and/or by virtue of its conduct and direct and/or indirect dealings expressly or implicitly relinquished and waived any rights, or portions thereof, it may have had supporting the Complaint herein and  the causes of action or claims for relief asserted against Defendant.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Damages)**

Plaintiff has not suffered any damages as a result of any actions taken by Defendants, and is thus barred from asserting any cause of action against the responding Defendants.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

Defendant alleges that the grounds upon which the Plaintiff's claims are based have been fully and duly performed, satisfied, discharged, and accepted, and this action is therefore barred by law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Authorization)

By virtue of the acts of Plaintiff, and/or the persons and/or entities acting on his behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint by the doctrine of authorization.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because Plaintiff, and/or the persons and/or entities acting on his behalf, consented to and acquiesced in the conduct complained of in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Party)

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to join all necessary and indispensable parties, without whom the claims asserted in the Complaint cannot fully, finally, and completely be resolved.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff's claims are barred, in whole or in part, because Plaintiff had knowledge and understanding of the acts complained of and ratified said acts.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The purported causes of action in the Complaint are barred by such statutes of limitations as may be applicable, including, but not limited to, Code of Civil Procedure sections 337, 338, 339, and 343.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing and/or Capacity)

Plaintiff lacks standing and/or capacity to bring this suit, allegations and causes of action against Defendants.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Relief Unavailable)**

Plaintiff seeks relief that is unavailable to him.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

Defendant cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment on the Complaint as follows:

(1) That Plaintiff take nothing by reason of his Complaint on file herein and that judgment be rendered in favor of Defendant;

(2) That any amount owed, or that becomes owing, by Plaintiff to Defendant be setoff against any amount awarded to Plaintiff in this action;

(3) For an award of attorneys' fees as provided by law;

(4) For costs of suit incurred herein; and

(5) For such other and further relief as this Court deems just and proper.

Dated: February 3, 2023

CALLAHAN & BLAINE, APLC

By: _____
Edward Susolik
David C. Palmer
Attorneys for Defendant EVE M. ARON

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**PROOF OF SERVICE**

(CODE CIV. PROC. § 1013A(3))

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is **3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707**.

On February 3, 2023, I served the following document(s) described as

**EVE M. ARON'S ANSWER TO ROIE MAOR'S COMPLAINT**

on the interested parties in this action by placing: ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

**Please see attached "Service List."**

☒     **BY MAIL:** I deposited such envelope in the mail at Santa Ana, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒     **BY EMAIL:** I transmitted the foregoing documents by electronic mail to the party(s) identified on the attached service list by using the electronic mail as indicated.  I caused the document(s) to be sent from mkingsbury@callahan-law.com to the person(s) at the electronic address(es) listed below.  Said electronic mail was verified as complete and without error.

☐     **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered by First Legal Services to the addressees below.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 3, 2023, in Santa Ana, California.

_____
Monique Kingsbury

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## SERVICE LIST

### Roie Maor v. Eve M. Aron, et al.
**Los Angeles Superior Court, Stanley Mosk, Case No.: 22STCV38516**

| | |
|---|---|
| Richard B. Rudolph, Esq.<br>**RUDOLPH & CHONOLES, LLP**<br>20241 SW Birch St., Suite 100<br>Newport Beach, CA 92660<br>Telephone: (949) 825-5210<br>Email: RRudolph@rcattorneys.com | Attorney for Plaintiff ROY MAOR |

Proof of Service

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

# **EXHIBIT 9**

 **California Secretary of State**
Electronic Filing



# LLC Registration – Articles of Organization

|  |  |
|---|---|
| Entity Name: | Zion Horse Enterprises  LLC |

|  |  |
|---|---|
| Entity (File) Number: | 202119010592 |
| File Date: | 07/07/2021 |
| Entity Type: | Domestic LLC |
| Jurisdiction: | California |

Detailed Filing Information

1. Entity Name:

Zion Horse Enterprises  LLC

2. Business Addresses:

   a. Initial Street Address of
      Designated Office in California:

6701 Eton Ave # 546
Canoga Park , California 91303
United States

   b. Initial Mailing Address:

6701 Eton Ave # 546
Canoga Park , California 91303
United States

3. Agent for Service of Process:

Roie  Maor
20720 Ventura Blvd Unit 280
Woodland Hills  California 91364
United States

4. Management Structure:

All LLC Member(s)

5. Purpose Statement:

The purpose of the limited liability
company is to engage in any lawful act
or activity for which a limited liability
company may be organized under the
California Revised Uniform Limited
Liability Company Act.

Electronic Signature:

The organizer affirms the information contained herein is true and correct.

Organizer:

Eve Ohayon

# EXHIBIT 10



**Secretary of State**
**Statement of Information**
(Limited Liability Company)

**LLC-12**

21-D52839

# FILED

In the office of the Secretary of State
of the State of California

JUL 13, 2021

**This Space For Office Use Only**

**IMPORTANT** — Read instructions before completing this form.

**Filing Fee – $20.00**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the exact name of the LLC.  If you registered in California using an alternate name, see instructions.)

ZION HORSE ENTERPRISES LLC

| 2.  12-Digit Secretary of State File Number | 3.   State, Foreign Country or Place of Organization (only if formed outside of California) |
|---|---|
| 202119010592 | CALIFORNIA |

**4.  Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>6701 Eton Ave #546 | Canoga Park | CA | 91303 |
| b. Mailing Address of LLC, **if different than item 4a**<br>6701 Eton Ave #546 | Canoga Park | CA | 91303 |
| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box<br>6701 Eton Ave #546 | Canoga Park | CA | 91303 |

**5.  Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank).  If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank).  Note:  The LLC cannot serve as its own manager or member.  If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Eve | M | Aron | |

b. Entity Name - Do not complete Item 5a

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 6701 Eton Ave # 546 | Canoga Park | CA | 91303 |

**6.  Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Roie | | Maor | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 20720 Ventura Blvd Suite 280 | Woodland Hills | CA | 91364 |

**CORPORATION** – Complete Item 6c only.  Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b

**7.  Type of Business**

a. Describe the type of business or services of the Limited Liability Company
Investment

**8.  Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9.  The Information contained herein, including any attachments, is true and correct.**

| 07/13/2021 | Roie  Maor | Member | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed.  SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

**Attachment to**
**Statement of Information**
(Limited Liability Company)

**LLC-12A**
**Attachment**

21-D52839

**A. Limited Liability Company Name**

ZION HORSE ENTERPRISES LLC

This Space For Office Use Only

| **B. 12-Digit Secretary of State File Number** | **C. State or Place of Organization** (only if formed outside of California) |
|---|---|
| 202119010592 | CALIFORNIA |

**D. List of Additional Manager(s) or Member(s) -** If the manager/member is an individual, enter the individual's name and address. If the manager/member is an entity, enter the entity's name and address. Note: The LLC cannot serve as its own manager or member.

| First Name | | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|---|
| Roie | | | Maor | | |
| Entity Name | | | | | |
| Address | | City (no abbreviations) | | State | Zip Code |
| 20720 Ventura Blvd Suite  280 | | Woodland Hills | | CA | 91364 |

| First Name | | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|---|
| | | | | | |
| Entity Name | | | | | |
| Address | | City (no abbreviations) | | State | Zip Code |
| | | | | | |

| First Name | | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|---|
| | | | | | |
| Entity Name | | | | | |
| Address | | City (no abbreviations) | | State | Zip Code |
| | | | | | |

| First Name | | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|---|
| | | | | | |
| Entity Name | | | | | |
| Address | | City (no abbreviations) | | State | Zip Code |
| | | | | | |

| First Name | | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|---|
| | | | | | |
| Entity Name | | | | | |
| Address | | City (no abbreviations) | | State | Zip Code |
| | | | | | |

| First Name | | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|---|
| | | | | | |
| Entity Name | | | | | |
| Address | | City (no abbreviations) | | State | Zip Code |
| | | | | | |

| First Name | | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|---|
| | | | | | |
| Entity Name | | | | | |
| Address | | City (no abbreviations) | | State | Zip Code |
| | | | | | |

# **EXHIBIT 11**

**jamie@finalverdictsolutions.com**

| | |
|---|---|
| **From:** | Richard Evans <enforcements@rocketmail.com> |
| **Sent:** | Friday, September 1, 2023 2:41 PM |
| **To:** | anna@okhovatlawfirm.com; bmandell@colmanlawgroup.com; Jamie Shelton |
| **Subject:** | LA Case No. 21STCV30484, Notice of Lien, Meet and confer efforts re assignment order |

Ms Okhovat,

In an attempt to meet and confer pursuant to local Central District Rules, I just called Ms. Okhovat's office, could not get her, and left a message with the receptionist/secretary.

Ms Okhovat, you are on notice that we intend to file a motion for assignment order in the Central District Case wherein Mr Shelton holds a judgment against your client Eve Ohayon, which motion would assign all payments of the personal injury suit in the above-captioned case, which payments are going to debtor, to the creditor instead. The applicable code is CCP 708.510 et seq.

I also called to maybe work a settlement (but of course, that is up to your client more so than yourself, I understand that).

I will be calling Eve Ohanyon directly also since she is unrepresented in the Federal Case, but in an abundance of caution/because your firm could be construed as being in some way an interested/involved party, and because you rep the debtor in a different action, I am com[lying with the local rules with respect to your firm also.

Feel free to call my cell if you'd like to discuss. 213 291 4109.


**EVANNS COLLECTION LAW FIRM**
**Richard Omar Evanns**
**Attorney at Law**
3731 Wilshire Blvd., Suite 514
Los Angeles, CA 90010
T: (213) 292-6888 F: (213) 784-5439
Enforcements@rocketmail.com
Evannscollectionlaw.com on the world wide web**.**

THIS MESSAGE IS CONFIDENTIAL AND IS ONLY INTENDED FOR USE OR VIEWING BY THE INDIVIDUAL OR INDIVIDUALS TO WHOM IT IS ADDRESSED.  IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER OF SAME, AND DESTROY THIS MESSAGE TO THE FURTHEST EXTENT WHICH IS PERMITTED BY YOUR EMAIL, AND DISREGARD ITS CONTENTS. ANY USE OF THE CONTENTS OF THIS CONFIDENTIAL MESSAGE BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS PUNISHABLE UNDER STATE AND FEDERAL LAWS.

THIS EMAIL MAY CONTAIN QUESTIONS,OPINIONS, OR RESPONSES TO INQUIRIES OR OTHER COMMUNICATIONS REGARDING YOUR LEGAL MATTER. PLEASE NOTE THAT NOTHING IN THIS EMAIL SHOULD BE CONSTRUED AS AN AGREEMENT FOR LEGAL REPRESENTATION, AND THAT UNLESS THERE IS AN EXPRESS REPRESENTATION AGREEMENT IN WRITING BETWEEN YOU AND THIS FIRM, THAT THIS FIRM DOES NOT REPRESENT YOU IN YOUR MATTER.

THIS IS AN EMAIL FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-800-FTC-HELP, OR VISIT THEM ON THE WEB AT WWW.FTC.GOV.

# **EXHIBIT 12**

**jamie@finalverdictsolutions.com**

---

| | |
|---|---|
| **From:** | Richard Evanns <enforcements@rocketmail.com> |
| **Sent:** | Friday, September 1, 2023 2:46 PM |
| **To:** | evearon1@gmail.com; Jamie Shelton; anna@okhovatlawfirm.com |
| **Subject:** | Fw: LA Case No. 21STCV30484, Notice of Lien, Meet and confer efforts re assignment order |

Ms Ohayon,

In an attempt to meet and confer pursuant to local Central District Rules.

 I just called Ms. Okhovat's office, could not get her, and left a message with the receptionist/secretary.

You are on notice that we intend to file a motion for assignment order in the Central District Case wherein Mr Jamie Shelton holds a judgment against you (assigned to him by Christopher Samuel), which motion would assign all payments of the personal injury suit in the above-captioned case, which payments are going to you, to the creditor instead. The order would be for 100% of those monies to be paid to creditor, until 100% of the judgment is paid. The applicable code is CCP 708.510 et seq.

I called you at 617 835 1084, but it went straight to VM and the MB was full, so I could not leave a message.

Feel free to call my office at the number below should you wish to discuss this matter.


**EVANNS COLLECTION LAW FIRM**
**Richard Omar Evanns**
**Attorney at Law**
3731 Wilshire Blvd., Suite 514
Los Angeles, CA 90010
T: (213) 292-6888 F: (213) 784-5439
Enforcements@rocketmail.com
Evannscollectionlaw.com on the world wide web.

THIS MESSAGE IS CONFIDENTIAL AND IS ONLY INTENDED FOR USE OR VIEWING BY THE INDIVIDUAL OR INDIVIDUALS TO WHOM IT IS ADDRESSED.  IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER OF SAME, AND DESTROY THIS MESSAGE TO THE FURTHEST EXTENT WHICH IS PERMITTED BY YOUR EMAIL, AND DISREGARD ITS CONTENTS. ANY USE OF THE CONTENTS OF THIS CONFIDENTIAL MESSAGE BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS PUNISHABLE UNDER STATE AND FEDERAL LAWS.

THIS EMAIL MAY CONTAIN QUESTIONS,OPINIONS, OR RESPONSES TO INQUIRIES OR OTHER COMMUNICATIONS REGARDING YOUR LEGAL MATTER. PLEASE NOTE THAT NOTHING IN THIS EMAIL SHOULD BE CONSTRUED AS AN AGREEMENT FOR LEGAL REPRESENTATION, AND THAT UNLESS THERE IS AN EXPRESS REPRESENTATION AGREEMENT IN WRITING BETWEEN YOU AND THIS FIRM, THAT THIS FIRM DOES NOT REPRESENT YOU IN YOUR MATTER.

THIS IS AN EMAIL FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-800-FTC-HELP, OR VISIT THEM ON THE WEB AT WWW.FTC.GOV.

# **EXHIBIT 13**

**jamie@finalverdictsolutions.com**

| | |
|---|---|
| **From:** | Barbara Mandell <bmandell@colmanlawgroup.com> |
| **Sent:** | Friday, September 1, 2023 3:37 PM |
| **To:** | Richard Evanns; anna@okhovatlawfirm.com; Jamie Shelton; Steven A. Ortiz; Michelle Nabati |
| **Cc:** | Debbie Bennett |
| **Subject:** | RE: LA Case No. 21STCV30484, Notice of Lien, Meet and confer efforts re assignment order |

I appreciate being kept in the loop here. As I have previously indicated in my communications with Steven, neither my clients nor my carrier have any interest in the money or ultimately who receives the money in dispute by way of Jamie Shelton's lien. We just want to comply with the law, and understand that since Anna/Michelle and I are on notice of the lien, we are obligated to address how these proceeds are to be distributed.

If you all reach an agreement please let me know so that we can get the check(s) properly issued and distributed upon receipt of the dismissal. If you don't, I presume I will be served with any additional filings in state or federal court relative to the proceeds at issue.

One other option if you cannot resolve the issue, would be for me to interplead the funds so that Judge Feeny can resolve the dispute. Seeing as I am sure that will cause additional delay, which I am sure no one wants, I'll sit tight until I hear from you and hope that this can be worked out quickly.

Thank you-


*Barbara*



**Barbara J. Mandell | Of Counsel**
**(O) 818.546.8686**
<u>**Colman Perkins**</u>
**500 N. Brand Blvd. Suite 2200**
**Glendale, CA 91203**

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you, Colman Perkins Law Group.

---

**From:** Richard Evanns <enforcements@rocketmail.com>
**Sent:** Friday, September 1, 2023 11:41 AM
**To:** Anna@okhovatlawfirm.com; Barbara Mandell <bmandell@colmanlawgroup.com>; Jamie Shelton <jamie@finalverdictsolutions.com>
**Subject:** LA Case No. 21STCV30484, Notice of Lien, Meet and confer efforts re assignment order

Ms Okhovat,

In an attempt to meet and confer pursuant to local Central District Rules, I just called Ms. Okhovat's office, could not get her, and left a message with the receptionist/secretary.

Ms Okhovat, you are on notice that we intend to file a motion for assignment order in the Central District Case wherein Mr Shelton holds a judgment against your client Eve Ohayon, which motion would assign all payments of the personal injury suit in the above-captioned case, which payments are going to debtor, to the creditor instead. The applicable code is CCP 708.510 et seq.

I also called to maybe work a settlement (but of course, that is up to your client more so than yourself, I understand that).

I will be calling Eve Ohanyon directly also since she is unrepresented in the Federal Case, but in an abundance of caution/because your firm could be construed as being in some way interested/involved party, and because you rep the debtor in a different action, I am com[lying with the local rules with respect to your firm also.

Feel free to call my cell if you'd like to discuss. 213 291 4109.


**EVANNS COLLECTION LAW FIRM**
**Richard Omar Evanns**
**Attorney at Law**
3731 Wilshire Blvd., Suite 514
Los Angeles, CA 90010
T: (213) 292-6888 F: (213) 784-5439
Enforcements@rocketmail.com
Evannscollectionlaw.com on the world wide web.

THIS MESSAGE IS CONFIDENTIAL AND IS ONLY INTENDED FOR USE OR VIEWING BY THE INDIVIDUAL OR INDIVIDUALS TO WHOM IT IS ADDRESSED.  IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER OF SAME, AND DESTROY THIS MESSAGE TO THE FURTHEST EXTENT WHICH IS PERMITTED BY YOUR EMAIL, AND DISREGARD ITS CONTENTS. ANY USE OF THE CONTENTS OF THIS CONFIDENTIAL MESSAGE BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS PUNISHABLE UNDER STATE AND FEDERAL LAWS.

THIS EMAIL MAY CONTAIN QUESTIONS,OPINIONS, OR RESPONSES TO INQUIRIES OR OTHER COMMUNICATIONS REGARDING YOUR LEGAL MATTER. PLEASE NOTE THAT NOTHING IN THIS EMAIL SHOULD BE CONSTRUED AS AN AGREEMENT FOR LEGAL REPRESENTATION, AND THAT UNLESS THERE IS AN EXPRESS REPRESENTATION AGREEMENT IN WRITING BETWEEN YOU AND THIS FIRM, THAT THIS FIRM DOES NOT REPRESENT YOU IN YOUR MATTER.

THIS IS AN EMAIL FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-800-FTC-HELP, OR VISIT THEM ON THE WEB AT WWW.FTC.GOV.

# **EXHIBIT 14**

## Re: LA Case No. 21STCV30484, Notice of Lien, Meet and confer efforts re assignment order

From:  Anna Okhovat (anna@okhovatlawfirm.com)

To:  enforcements@rocketmail.com

Cc:  evearon1@gmail.com; jamie@finalverdictsolutions.com; michelle@nabatilaw.com; steven@okhovatlawfirm.com

Date:  Friday, September 1, 2023 at 12:16 PM PDT

You are out of your mind to not only cite to inapplicable and unpublished law, but to contact a known represented party. I am not in the office today, and thus could not "meet and confer" with you. We will respond to the substance of your email shortly.

---

**_Please confirm that our firm's contact information is up to date in your records_**



Anna Okhovat
_Founding and Managing Attorney_
**OKHOVAT LAW FIRM, APLC**
15165 Ventura Boulevard, Suite 305
Sherman Oaks, CA 91403
Phone: (310) 579-9082
Facsimile: (310) 579-9070
E-mail: anna@okhovatlawfirm.com



**Please be advised that this law firm accepts electronic service ("e-service") of pleadings and documents pursuant to California Code of Civil Procedure § 1010.6 ONLY on the designated e-service email address: service@okhovatlawfirm.com.**

**Any attempts to electronically serve documents or pleadings on any attorney or paralegal in this firm will be deemed incomplete if the designated e-service email is not concurrently served.**

*Please consider the environment before printing this email.*

*********************************************

**Confidentiality Notice**: This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**IRS Circular 230 Disclosure**: To ensure compliance with requirements imposed by the IRS, please be advised that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used or relied upon, and cannot be used or relied upon, for the purposes of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matter or transaction described herein.

On Sep 1, 2023, at 11:45 AM, Richard Evanns <enforcements@rocketmail.com> wrote:

Ms Ohayon,

In an attempt to meet and confer pursuant to local Central District Rules.

I just called Ms. Okhovat's office, could not get her, and left a message with the receptionist/secretary.

You are on notice that we intend to file a motion for assignment order in the Central District Case wherein Mr Jamie Shelton holds a judgment against you (assigned to him by Christopher Samuel), which motion would assign all payments of the personal injury suit in the above-captioned case, which payments are going to you, to the creditor instead. The order would be for 100% of those monies to be paid to creditor, until 100% of the judgment is paid. The applicable code is CCP 708.510 et seq.

I called you at 617 835 1084, but it went straight to VM and the MB was full, so I could not leave a message.

Feel free to call my office at the number below should you wish to discuss this matter.

**EVANNS COLLECTION LAW FIRM**
**Richard Omar Evanns**
**Attorney at Law**
3731 Wilshire Blvd., Suite 514
Los Angeles, CA 90010
T: (213) 292-6888 F: (213) 784-5439
Enforcements@rocketmail.com
Evannscollectionlaw.com on the world wide web.

THIS MESSAGE IS CONFIDENTIAL AND IS ONLY INTENDED FOR USE OR VIEWING BY THE INDIVIDUAL OR INDIVIDUALS TO WHOM IT IS ADDRESSED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER OF SAME, AND DESTROY THIS MESSAGE TO THE FURTHEST EXTENT WHICH IS PERMITTED BY YOUR EMAIL, AND DISREGARD ITS CONTENTS. ANY USE OF THE CONTENTS OF THIS CONFIDENTIAL MESSAGE BY ANYONE OTHER THAN THE INTENDED RECIPIENT IS PUNISHABLE UNDER STATE AND FEDERAL LAWS.

THIS EMAIL MAY CONTAIN QUESTIONS,OPINIONS, OR RESPONSES TO INQUIRIES OR OTHER COMMUNICATIONS REGARDING YOUR LEGAL MATTER. PLEASE NOTE THAT NOTHING IN THIS EMAIL SHOULD BE CONSTRUED AS AN AGREEMENT FOR LEGAL REPRESENTATION, AND THAT UNLESS THERE IS AN EXPRESS REPRESENTATION AGREEMENT IN WRITING BETWEEN YOU AND THIS FIRM, THAT THIS FIRM DOES NOT REPRESENT YOU IN YOUR MATTER.

THIS IS AN EMAIL FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-800-FTC-HELP, OR VISIT THEM ON THE WEB AT WWW.FTC.GOV.