Richard O. Evanns SBN: 277442
Evanns Collection Law Firm
3731 Wilshire Blvd, Suite 514
Los Angeles, CA 90010
213-292-6888
enforcements@rocketmail.com

Attorney for Judgment Creditor,
James E. Shelton

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SHELTON,<br><br>            Plaintiff,<br>    v.<br><br>EVE ARON<br><br>            Defendant | CASE NO. 2:23-mc-00109<br><br>**SUPPLEMENT TO MOTION FOR ASSIGNMENT ORDER OF LAWSUIT SETTLEMENT PROCEEDS; DECLARATION OF RICHARD O. EVANNS FILED CONCURRENTLY HEREWITH.**<br><br>**Motion Date: October 20, 2023 at 1:30 PM**<br>**Honorable Phillip S. Gutierrez** |

Judgment Creditor James E. Shelton, by and through his undersigned counsel, Richard O. Evanns, Esq., hereby provides the following Supplement to his Motion for Assignment Order filed September 8, 2023.

Due to a clerical error, Creditor's counsel inadvertently submitted a prior draft of the Motion which did not include an important piece of information and key Exhibit: A Settlement Agreement and General Release was executed by Judgment Debtor, Eve Ohayon (a/k/a Eve Aron) on August 10, 2023, resolving all claims in Los Angeles County Superior Court Case No. 21STCV30484, captioned *Eve Ohayon v. Ryan Johnson and Sarah Rachel Johnson*. The Settlement Agreement entitles the Debtor to receive $149,999 [One Hundred Forty-Nine Thousand Nine Hundred and Ninety-Nine Dollars] from the Defendants, Ryan Johnson and Sarah

Rachel Johnson, in the Superior Court Action. This is very relevant to the pending Assignment Order Motion because it establishes exactly how much the Debtor is entitled to receive pursuant to her settlement of a lawsuit.

This was inadvertently not included in the original papers. Though evidence submitted in the previous filing is believed sufficient, this extra piece of evidence establishes to a virtual certainty that the payment rights sought to be assigned are existent rights and belong to the debtor, and thus can, and should, be assigned.

Dated: September 9, 2023            */s/ Richard O. Evanns*
                                                            Richard O. Evanns

## DECLARATION OF RICHARD O. EVANNS IN SUPPORT OF SUPPLEMENT TO MOTION FOR ASSIGNMENT ORDER

1. My name is Richard O. Evanns and I represent the Assignee of Record and Judgment Creditor in this matter, Mr. James E. Shelton. My business address is 3731 Wilshire Blvd, Suite 514, Los Angeles, CA 90010. I am over the age of 18, and have personal knowledge of the facts stated herein, and if called to testify in accordance therewith, I could and would competently and truthfully do so.

2. Yesterday evening, September 8, 2023, a nonfinal draft of the Motion for Assignment Order was filed, which did not include a crucial piece of information/evidence that was received only hours prior. This crucial piece of information is a copy of a Settlement Agreement and General Release executed by Debtor Eve Ohayon (a/k/a Eve Aron) on August 10, 2023 releasing all claims in Case No. 21STCV30484 in the LA County Superior Court (*Eve Ohayon v. Ryan Johnson, et. al)*.

3. On September 8, 2023, I e-mailed Barbara J. Mandell, Esq. requesting a copy of the Settlement Agreement for Case No. 21STCV30484, as Creditor is entitled to said document pursuant to Enforcement of Judgment Discovery Laws and of course is germane to this Motion and Creditor's prior Notice of Lien (filed in the Superior Court Action on August 25, 2023).

4. On September 8, 2023 at 10:26 AM, Ms. Mandell e-mailed me a true and correct copy of the Settlement Agreement and General Release. Attached to this Declaration is ***Exhibit "15"*** which is a true and correct copy of the Settlement Agreement sent to me.

5. Attached to this Declaration as ***Exhibit "16"*** is a true and correct copy of the email I received from Ms. Mandell on September 8, 2023 containing the Settlement Agreement as a PDF attachment.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. This Declaration is executed on September 9, 2023.\

                                     */s/ Richard O. Evanns*
                                      Richard O. Evanns

# **EXHIBIT 15**

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement and Release (hereinafter "**AGREEMENT**") is made by and between the following individuals, (hereinafter the "Parties"):

1. **EVE OHAYON** (hereinafter, "**RELEASOR**")
2. **RYAN JOHNSON** and **SARAH RACHEL JOHNSON** (hereinafter collectively, "**RELEASEES**")

This **AGREEMENT** is a compromise, settlement, and release in which the above-stated parties desire to extinguish all their rights, claims, disputes, differences, and obligations arising from the dog bite incident ("Incident") described in the complaint on file in the matter of *Eve Ohayon, et al. v. Ryan Johnson, et al.*, Los Angeles Superior Court, Case No. 21STCV30484, hereinafter "**SUIT**."

Therefore, in consideration of the promises, covenants, representations, and agreements set forth here, it is agreed by and between the Parties to this **AGREEMENT** as follows:

1. In consideration of the total sum of $149,999.00 (ONE HUNDRED FORTY-NINE THOUSAND NINE HUNDRED NINTY-NINE DOLLARS) made payable to **RELEASOR** and **RELEASOR'S** counsel, Nabati Law PC, and the Okhovat Law Firm, APLC, **RELEASOR** agrees to a full settlement, release, and accord of all the claims asserted, or which could be asserted against **RELEASEES** in the **SUIT,** including **RELEASOR'S** claims for bodily injury, property damage, medical liens, and any other damages arising from the Incident. **RELEASOR** stipulates and agrees that within thirty days after she provides **RELEASEE** with this executed **AGREEMENT**, an executed CMS Verification Form, and an executed Request for Dismissal of the **SUIT** with prejudice as to **RELEASEES**, **RELEASEES** will issue the payment called for by the terms of this **AGREEMENT**.

2. Upon execution of this **AGREEMENT** and a fully executed Request for Dismissal of the **SUIT**, **RELEASOR** hereby generally and specifically releases and discharges **RELEASEES**, their agents, employees, and attorneys, from any and all claims, demands, liabilities, and causes of action of every nature, character, or description whatsoever that **RELEASOR** now has or has ever had arising out the Incident underlying the **SUIT**, against **RELEASEES** only, regardless of whether such claims, demands, liabilities, and causes of action are known or unknown, suspected or unsuspected, anticipated or unanticipated.

3. This **AGREEMENT** is intended by the Parties to be a full, general, and special release of **RELEASEES** only, and it applies to all claims of any nature that **RELEASOR** may possess against **RELEASEES** relating to the **SUIT**, whether known, suspected, or anticipated by **RELEASOR** and regardless of whether any unknown, unsuspected, or unanticipated claim would materially affect **RELEASOR'S** decision to settle or compromise her claim against **RELEASEES**. **RELEASOR** hereby expressly, voluntarily, and knowingly waives, relinquishes, and abandons each and every right, protection, and benefit to which **RELEASOR** would be entitled, now or at any time hereafter, including all rights under California Civil Code section 1542. California Civil code Section 1542 states:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

4. **RELEASOR** expressly waives the provisions of California Civil Code section 1542. **RELEASOR** acknowledges that she is aware that facts or claims, in addition to or different from those which are now known or believed to exist with respect to **RELEASEES** only, arising from the **SUIT** that may be discovered in the future. **RELEASOR** further acknowledges and intends to fully settle and release any and all such known or unknown matters, claims, and disputes. **RELEASOR** acknowledges that she is aware that this waiver of her rights under California Civil Code section 1542 forms a material portion of this release, without which **RELEASEE** would not have entered into this **AGREEMENT**.

5. Execution of this **AGREEMENT** does not constitute an admission of liability by any party. Neither the **AGREEMENT** nor the contents hereof may be referred to for any purpose in any other action or proceeding as an admission of liability.

6. This **AGREEMENT** contains the entire agreement and understanding between the Parties. This **AGREEMENT** supersedes and replaces all other prior written and oral negotiations and proposed agreements. The Parties declare and represent that they have not made any promise, representation, or agreement that is not expressed herein and declare and represent that this **AGREEMENT** contains the entire agreement between them and that the terms of the **AGREEMENT** are contractual and not a mere recital.

7. Each party expressly agrees to pay their own costs of litigation, including their own attorney's fees.

8. No amendment, modification, waiver or termination of this **AGREEMENT** shall be binding unless executed in writing and signed by both parties.

9. Any and all terms, promises, rights, and duties set forth in this **AGREEMENT** including matters of construction, validity, and performance shall be interpreted and enforced under the laws of the State of California. In the event that any provision of this **AGREEMENT** is held ineffective or invalid, the remaining provisions shall nevertheless be given full force and effect.

10. In the event that any action is commenced to enforce or interpret any of the terms, conditions, or provisions of this **AGREEMENT**, the prevailing party in the action shall be entitled to recover actual attorney's fees and costs incurred in good faith.

11. **RELEASOR** further stipulates and agrees that the payment called for by the terms of this **AGREEMENT** includes any and all known and unknown liens, whether privately or governmentally funded, that may arise from the injuries and damages **RELEASOR** allegedly

sustained in the Incident, including any liens held by Medi-Care, Medi-Cal, any insurer, healthcare provider, or any other private or government sponsored benefit program. In the event that any liens are presented to **RELEASEES**, their agents, employees, attorneys, representatives, successors, or insurers, **RELEASOR** and **RELEASOR'S** attorney, agree to satisfy those liens from the amount paid in settlement of the **SUIT** pursuant to this **AGREEMENT**.

12.  **RELEASOR** further stipulates and agrees that she is solely responsible for satisfying any conditional payment, lien, or other obligation to reimburse the Centers for Medicare & Medicaid Services ("CMS") and/or its contractors, other governmental entities [or programs], insurers or [other sources of payment or benefits] for any Medical Services furnished to **RELEASOR**. **RELEASOR** acknowledges and agrees that it is her responsibility, and not that of **RELEASEES**, to satisfy any and all conditional payments, liens, subrogation and other claims or demands for payment associated with Medical Services that may arise in any manner, including without limitation under the Medicare Secondary Payer ("MSP") statute (42 U.S.C. § 1395y(b)), contract, or other applicable state or federal law.

With respect to Medicare status (initial relevant box):



☒ **RELEASOR** hereby represent and warrant that they (a) are not currently entitled to Medicare benefits, (b) were not entitled to Medicare benefits on or between the date of the Incident and execution of this Release and (c) do not reasonably expect to qualify for Medicare coverage within 30 months of executing this **AGREEMENT**; or

☐ **RELEASOR** hereby represent and warrant that they (a) currently qualify for Medicare coverage, (b) were entitled to Medicare benefits on or between the date of the Incident and execution of this **AGREEMENT**, or (c) expect to so qualify within 30 months of executing this **AGREEMENT**.

13.  In order to give full effect to the intent expressed in this **AGREEMENT**, **RELEASOR** stipulates and agrees in consideration for the aforesaid payment, to fully indemnify and hold harmless **RELEASEES** from any and all loss associated with any conditional payment, lien, subrogation or other claim or demand asserted by CMS and/or its contractors, other governmental entities [or programs], insurers or [other sources of payment or benefits] that may arise in any manner, including without limitation under the MSP statute (42 U.S.C. § 1395y(b)), contract, or other applicable state or federal law relating to Medical Services or from **RELEASOR'S** failure to make the payments and satisfaction described in this **AGREEMENT**. **RELEASOR** further agrees to indemnify and hold harmless **RELEASEES** from any and all loss resulting from **RELEASOR'S** failure to provide accurate representations and warranties or to adhere to the representations and warranties contained herein. This indemnification from loss included all damages and costs incurred by **RELEASEES** and/or their attorneys, including without limitation, any attorneys' fees, fines and penalties, interest, expenses, judgments, and multipliers.

14.  This **AGREEMENT** may be executed in counterparts and shall constitute an agreement which shall be binding upon all the Parties to the **AGREEMENT**, notwithstanding that

the signatures of the parties and/or their designated representatives do not appear on the same page or pages.

I hereby certify that I have read all of this **AGREEMENT** and fully understand all of the same, and in witness whereof, I have executed this **AGREEMENT** under penalty of perjury under the laws of the State of California.

DATED: 8/10/2023

DocuSigned by:

5070D743039B459...

**RELEASOR**, EVE OHAYON

**NOTE:** For your protection California law requires the following to appear on this form: California Insurance Code 1871.2(a) provides that any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

# **EXHIBIT 16**

**jamie@finalverdictsolutions.com**

| | |
|---|---|
| **From:** | Barbara Mandell <bmandell@colmanlawgroup.com> |
| **Sent:** | Friday, September 8, 2023 1:26 PM |
| **To:** | Richard Evanns; jamie@finalverdictsolutions.com |
| **Cc:** | Debbie Bennett |
| **Subject:** | FW: Ohayon v. Johnson | Case No. 21STCV30484 |
| **Attachments:** | SETTLEMENT AGREEMENT E. Ohayon.pdf |

Here you go.

Are you intending to file a Notice to Intervene in the State Court Case, and then assuming you get the Assignment Order that you are seeking from the Central District, file that Order in the State Court, so that all parties and courts with an interest in these funds is fully apprised?

*Barbara*



**Barbara J. Mandell | Of Counsel**
**(O) 818.546.8686**
Colman Perkins
500 N. Brand Blvd. Suite 2200
Glendale, CA 91203

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure.  If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer.  Thank you, Colman Perkins Law Group.

**From:** Michelle Nabati <michelle@nabatilaw.com>
**Sent:** Wednesday, August 16, 2023 10:33 AM
**To:** Debbie Bennett <dbennett@colmanlawgroup.com>
**Cc:** Anna Okhovat <anna@okhovatlawfirm.com>; Steven A. Ortiz <steven@okhovatlawfirm.com>; service@okhovatlawfirm.com; shana@okhovatlawfirm.com; Barbara Mandell <bmandell@colmanlawgroup.com>
**Subject:** Re: Ohayon v. Johnson | Case No. 21STCV30484

Please see attached executed settlement agreement. Please promptly issue the settlement funds payable to counsel and plaintiff jointly, and mail to my co-counsel's office:

**Okhovat Law Firm**
**15165 Ventura Blvd., Suite 305**
**Sherman Oaks, CA 91403**

Best,

# NABATI LAW
## PEOPLE FIRST

**MICHELLE NABATI ESQ.**
**NABATI LAW, PC**
16255 Ventura Blvd. Suite 520 | Encino, CA 91436
P. 323.306.5747 | F. 323.300.6749
E. michelle@nabatilaw.com | W. nabatilaw.com

Please consider the environment responsibly before printing this email.

**Confidentiality Notice**: This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**IRS Circular 230 Disclosure**: To ensure compliance with requirements imposed by the IRS, please be advised that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used or relied upon, and cannot be used or relied upon, for the purposes of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matter or transaction described herein.