UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV23-07728 PSG(PDx) | Date | October 13, 2023 |
|---|---|---|---|
| Title | Christopher Samuel v. Eve Aron | | |

| Present: The Honorable | Philip S. Gutierrez, Chief United States District Judge |
|---|---|
| Damon Berry | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Judgment Creditor's Motion for Assignment Order of Debtor's Lawsuit Settlement Proceeds  **[ECF No 2]**

Before the Court is the Motion for Assignment Order of Debtor's Lawsuit Settlement Proceeds filed by Assignee of Record and Judgment Creditor James E. Shelton ("Judgment Creditor"). Dkt. # 2 ("*Mot.*"). Judgment Debtor Eve Aron ("Judgment Debtor"), who has yet to make an appearance in this case, has not filed a response. The Court finds this matter appropriate for decision without oral argument and vacates the October 20, 2023 hearing on the motion. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having read and considered the moving papers, the Court **GRANTS** the motion.

I.   Background

On December 28, 2022, a judgment was entered in the United States District Court for the Eastern District of New York in favor of Plaintiff and Judgment Creditor Christopher Samuel ("Samuel") against Judgment Debtor in the amount of $48,972.33 plus post-judgment interest. *See Registration of Judgment*, Dkt. # 1. On August 22, 2023, an Acknowledgment of Assignment of Judgment that assigned all title, rights, and interest in the judgment from Samuel to Judgment Creditor was executed and filed in the Eastern District of New York case. *See id.* The same day, Judgment Creditor registered the judgment in this Court pursuant to 28 U.S.C. § 1963 as well as the Acknowledgment of Assignment of Judgment. *Id.* No funds have been paid toward satisfaction of the judgment. *See Declaration of Richard O. Evanns in supp. of Mot.*, Dkt. # 2-1 ("*Evanns Decl.*"), ¶ 3.

Judgment Creditor seeks an order assigning all net settlement proceeds payable to Judgment Debtor in connection with Los Angeles County Superior Court Case No. 21STCV30484, *Eve Ohayon v. Ryan Johnson and Sarah Rachel Johnson* (the "LA Superior Court Case"), to be applied toward satisfaction of the judgment. *See generally Mot.* Judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV23-07728 PSG(PDx) | Date | October 13, 2023 |
|---|---|---|---|
| Title | Christopher Samuel v. Eve Aron | | |

Creditor has served Judgment Debtor with the instant motion by mail. *See Proof of Service*, Dkt. # 4. Judgment Creditor's counsel has also attempted to meet and confer with Judgment Debtor and Judgment Debtor's counsel in the LA Superior Court Case to no avail. *Evanns Decl.* ¶ 29, Exs. 11–14 (Email Correspondence). The LA Superior Court Case is a suit for damages arising from a dog bite that Judgment Debtor allegedly received. *Evanns Decl.* ¶ 7, Ex. 3 (LA Superior Court Case Complaint). Judgment Creditor has submitted multiple pieces of evidence to support his contention that Judgment Debtor will be receiving settlement proceeds from the LA Superior Court Case.

To start, Judgment Creditor contends that Judgment Debtor Eve Aron is also known as Eve Ohayon, which is her married name and the name of the plaintiff in the LA Superior Court Case. *See Evanns Decl.* ¶¶ 5–24. In support, Judgment Creditor notes that he has filed a Notice of Lien in the LA Superior Court Case and Judgment Creditor's counsel has been in contact with both plaintiff's and defendants' counsel in the LA Superior Court Case about the notice. *Id.* ¶¶ 9, 11–15, Ex. 5 (Notice of Lien). Counsel has never asserted that plaintiff Eve Ohayon in the LA Superior Court Case is not the same person as Eve Aron. *Evanns Decl.* ¶¶ 13–14.

Judgment Creditor also located another Los Angeles Superior Court case involving Judgment Debtor—*Roie Maor v. Eve M. Aron and Zion Horse Enterprises LLC*, Case No. 22STCV38516 (the "*Roie Maor* Case")—to support the assertion that Judgment Debtor Eve Aron is also known as Eve Ohayon. *Evanns Decl.* ¶¶ 16–24. In the *Roie Maor* Case, plaintiff filed an amendment to the complaint noting that Eve Aron's true name was Eve Ohayon and Judgment Debtor's subsequent answer to the complaint did not deny the assertion. *Id.*, Exs. 6–8 (*Roie Maor* Complaint, Amendment to Complaint, and Answer). Additionally, publicly available business records for Zion Horse Enterprises LLC, Judgment Debtor's co-defendant in the *Roie Maor* Case, indicate that both names—Eve Aron and Eve Ohayon—are associated with the business and the same address was used in connection with both names. *Evanns Decl.* ¶¶ 16–24, Exs. 9–10 (Articles of Organization and Statement of Information).

Next, a settlement agreement has been reached in the LA Superior Court Case between Judgment Debtor and defendants in the case. *See generally Supplement to Mot.*, Dkt. # 3; *Declaration of Richard O. Evanns in supp. of Supplement to Mot.*, Dkt. # 3 at 3 ("*Second Evanns Decl.*"), ¶¶ 2–5. The settlement agreement provides that Judgment Debtor and her counsel in the LA Superior Court Case will jointly receive a total sum of $149,999.00. *Second Evanns Decl.* ¶¶ 2–5, Exs. 15–16 (Settlement Agreement and Email Correspondence). Defense counsel in the LA Superior Court Case has represented that she is in possession of the settlement proceeds that are payable to Judgment Debtor and will not release the settlement proceeds until this Court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV23-07728 PSG(PDx) | Date | October 13, 2023 |
|---|---|---|---|
| Title | Christopher Samuel v. Eve Aron | | |

issued its order on the motion that is before the Court. *Evanns Decl.* ¶¶ 25–26, Ex. 13 (Email Correspondence).

II.   Legal Standard

Money judgments entered in federal court are enforceable through "the procedure of the state where the court is located" unless there is an applicable federal statute. Fed. R. Civ. P. 69(a)(1). Under California law, "upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments." Cal. Civ. Proc. Code § 708.510(a). "A motion for assignment of rights need only be noticed to the judgment debtor and such notice must be by mail or in person." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, No. 814CV01664JVSDFM, 2022 WL 17371076, at *1 (C.D. Cal. Mar. 17, 2022) (citing Cal. Civ. Proc. Code § 708.510(b)).

In determining whether to order an assignment, the court may consider "all relevant factors," including:

> (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor.
> (2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.
> (3) The amount remaining due on the money judgment.
> (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

Cal. Civ. Proc. Code § 708.510(c).

"[D]etailed evidentiary support" is not required for requests under § 708.510, but "some evidentiary support is still needed." *Legal Additions LLC v. Kowalksi*, No. C-08-2754 EMC, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011) (emphasis omitted). "Certainly, there needs to be more than just speculation before the remedy of an assignment order can be provided." *Id.* Further, the sources of the right to payment must be described with sufficient detail to ensure an assignment is warranted and permissible and so that a judgment debtor may file a claim of exemption or other opposition. *Linley Invs. v. Jamgotchian*, No. 211CV00724JAKAFMX, 2019 WL 1429507, at *3 (C.D. Cal. Feb. 25, 2019), *report and*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV23-07728 PSG(PDx) | Date | October 13, 2023 |
|---|---|---|---|
| Title | Christopher Samuel v. Eve Aron | | |

*recommendation adopted*, No. 211CV00724JAKAFMX, 2019 WL 1772432 (C.D. Cal. Apr. 22, 2019).

III.     Discussion

Judgment Creditor seeks an order assigning all net settlement proceeds payable to Judgment Debtor from the LA Superior Court Case. *See generally Mot.* Judgment Creditor specifically seeks an order that directs any party in possession of the settlement proceeds to pay all net settlement proceeds otherwise due to Judgment Debtor directly to Judgment Creditor. *Id.* at 11:3–12:4. Judgment Creditor has established that such an assignment order is appropriate.

First, Judgment Debtor's right to settlement proceeds is subject to assignment as it is Judgment Debtor's right to a payment due because of the resolution of her causes of actions in the LA Superior Court Case. *See AmeriPride Servs. Inc. v. Texas E. Overseas Inc.*, 782 F.3d 474, 491 (9th Cir. 2015) ("A court therefore may assign only the right to payment due from a cause of action under section 708.510, and may not assign the cause of action directly."). Second, adequate notice of the request for assignment has been provided to Judgment Debtor as Judgment Debtor was served with the motion by mail. *See Trendsettah USA*, 2022 WL 17371076, at *1.

Third, Judgment Creditor has provided sufficient evidentiary support for the assignment requested. The evidence presented by Judgment Creditor establishes that Judgment Debtor is the plaintiff in the LA Superior Court Case, Judgment Debtor has entered into a settlement agreement with the defendants in the LA Superior Court Case that entitles Judgment Debtor and her counsel jointly to a payment of $149,999.00, and those funds are in the possession of defense counsel in the LA Superior Court Case who is prepared to distribute the funds upon resolution of this motion. *See supra* Part I. This evidentiary support amounts to a sufficient degree of concreteness as to Judgment Debtor's right to the settlement proceeds to be assigned and sufficiently describes the source of the right to payment. Although Judgment Creditor does not know the exact portion of the settlement proceeds due to Judgment Debtor alone, such level of detail is not required. *See Legal Additions LLC*, 2011 WL 3156724, at *2.

Fourth, the relevant factors support assignment. Judgment Debtor has made no payments towards the judgment, and the entire judgment remains outstanding. *See Tanedo v. E. Baton Rouge Par. Sch. Bd.*, No. SACV1001172JAKMLGX, 2014 WL 12642003, at *3 (C.D. Cal. Apr. 1, 2014) (concluding that assignment was "'reasonably necessary to satisfy the judgment,' because no payments have been made") (quoting Cal. Civ. Proc. Code § 708.510(d)). Also, Judgment Debtor's failure to oppose the motion can be deemed consent to granting the motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV23-07728 PSG(PDx) | Date | October 13, 2023 |
|---|---|---|---|
| Title | Christopher Samuel v. Eve Aron | | |

under Local Rule 7-12.  *See* L.R. 7-12; *see also SKAZZI3 Cap. Ltd. v. Pathway Genomics Corp.*, No. 318CV00317BENKSC, 2019 WL 7172162, at *2 (S.D. Cal. Dec. 20, 2019) (construing defendant's failure to oppose a motion for assignment order as consent to granting the motion). Moreover, because no opposition has been filed, there is no basis to find that any of the factors that might weigh against assignment, such as Judgment Debtor's obligations to support herself or others, exist.  *See, e.g., Tanedo*, 2014 WL 12642003, at *3.

Finally, given Judgment Debtor's failure to make efforts to satisfy the judgment, ordering any party in possession of the settlement proceeds otherwise due to Judgment Debtor, such as Judgment Debtor's counsel or defense counsel in the LA Superior Court Case, to directly pay Judgment Creditor the portion of the settlement proceeds that would otherwise be payable to Judgment Debtor is appropriate and contemplated by § 708.510.  "The assignment order contemplated by Section 708.510 includes a court order that assigns a right to payment outright (not simply an order directing the judgment debtor to do so)."  *Linley Invs.*, 2019 WL 1429507, at *2; *see also Odyssey Reinsurance Co. v. Nagby*, No. 16-CV-03038-BTM-WVG, 2019 WL 1231790, at *4 (S.D. Cal. Mar. 14, 2019) ("[S]everal provisions of the California Code of Civil Procedure when taken together 'indicate that the assignment may be ordered directly by the court.'") (quoting Alan M. Ahart, Cal. Prac. Guide Enf. J. & Debt Ch. 6G-5 (2018)).  Moreover, "[a]n assignment order issued pursuant to Section 708.510 'does not make any property assignable that is not already assignable' and accordingly, does not preclude an obligor from later challenging whether the judgment debtor's claims were assignable in the first instance." *Greenbaum v. Islamic Republic of Iran*, 782 F. Supp. 2d 893, 896 (C.D. Cal. 2008) (quoting *Kracht v. Perrin, Gartland & Doyle*, 219 Cal. App. 3d 1019, 1021 n. 1 (1990)).

IV.   Conclusion

For these reasons, Judgment Creditor's Motion for Assignment Order of Debtor's Lawsuit Settlement Proceeds is **GRANTED**.  Accordingly, the Court **ORDERS** as follows:

1. The following rights to payment of Judgment Debtor Eve Aron (also known as Eve Ohayon) be, and hereby are, assigned to Judgment Creditor and Assignee of Record James E. Shelton until such time as the judgment herein in the original amount of $48,772.33 plus post-judgment interest at the rate prescribed by 28 U.S.C. § 1961(a), to be calculated from December 28, 2022, be fully satisfied, or this Order is amended: all net settlement proceeds due to Judgment Debtor Eve Aron (also known as Eve Ohayon), net of all outstanding contingency fees and costs owed to counsel, as a result of the settlement agreement reached in the Los

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV23-07728 PSG(PDx) | Date | October 13, 2023 |
|---|---|---|---|
| Title | Christopher Samuel v. Eve Aron | | |

Angeles County Superior Court Case No. 21STCV30484, *Eve Ohayon v. Ryan Johnson and Sarah Rachel Johnson*.

2. Any party in possession of the net settlement proceeds or who may come in possession of the net settlement proceeds due to Judgment Debtor Eve Aron (also known as Eve Ohayon) as a result of the settlement agreement reached in the Los Angeles County Superior Court Case No. 21STCV30484, *Eve Ohayon v. Ryan Johnson and Sarah Rachel Johnson*, shall pay all amounts otherwise due to Judgment Debtor Eve Aron (also known as Eve Ohayon) directly to Judgment Creditor and Assignee of Record James E. Shelton to be applied to the judgment herein until such judgment is fully satisfied or this Order is amended. Such parties in possession or who may come in possession of the net settlement proceeds otherwise due to Judgment Debtor may include counsel in the LA Superior Court Case: Anna Okhovat; Michelle Nabati; and Barbara Mandell.

3. All payments made pursuant to this Order to Judgment Creditor and Assignee of Record James E. Shelton shall be addressed as follows: James E. Shelton, 316 Covered Bridge Road, King of Prussia, PA 19406.

4. NOTICE IS HEREBY GIVEN that failure to comply with this Order may subject the party to being held in contempt of Court.

**IT IS SO ORDERED.**